**ALGERNON MADURO, Plaintiff**

**v.**

**VIGGO HENDRICKS, Defendant**

Civil No. 265-1972

District Court of the Virgin Islands

Div. of St. Croix

November 30, 1972

BORNN, MCLAUGHLIN and FINUCAN, ESQS. (EDITH BORNN, of counsel), *for plaintiff*

BIRCH, DEJONGH and FARRELLY, ESQS. (ALEXANDER A. FARRELLY, ESQ. of Counsel), *for defendant*

YOUNG, *Judge*

### MEMORANDUM OPINION

This is the second action for restitution of an Apartment described as 5A-5AA Palm Straede, St. Thomas. The apartment had been rented for many years by appellant Viggo Hendricks. Around 1968, however, the then-sole owner, Mrs. Bianca Andre, decided to make this apart-

ment available to her brother, Algernon Maduro. In 1970 she sued in the Municipal Court to obtain restitution of the premises "for the use of her immediate family". Civil No. 244/1970. Hendricks opposed this action by referring to 28 V.I.C. § 840, which provides that rented premises may be recovered in these circumstances only for the owner's ". . . own personal use." Hendricks urged that an owner's sibling is not a sufficiently close relation to meet this test. Mrs. Andre was afforded time to answer this argument, but she apparently believed in its correctness. In any case, no response was made and the action was eventually dismissed for default.

The present action was begun on a different footing. By deed of gift, Mrs. Andre conveyed to Maduro an undivided one-third interest in the property. Other agreements reached at that time provided that Maduro's interest would be reflected by giving him full "ownership" control over the apartment in question—which was one of three in the building—and that Maduro would assume the responsibility for securing restitution of these premises from Hendricks. Maduro thereupon filed the present action and introduced evidence that the apartment would be put to his own personal use. The Municipal Court, with Judge Hoffman sitting, found for Maduro and granted restitution.

Hendricks now assigns two errors on appeal. First, he urges that since the initial attempt to evict him was dismissed with prejudice, that must operate as res judicata and prohibit any different outcome here. Secondly, he claims that Maduro failed to satisfy his burden of proof on one point, in that he did not demonstrate the "good faith" of his claim that the apartment was for his personal use. Neither of these contentions is persuasive, and the judgment below will therefore be affirmed.

 There is an initial plausibility to the claim that res judicata should be applicable here. Both actions were brought for restitution of the same real property; they were against the same tenant; and the second plaintiff was a successor in interest to the first. It might thus appear that the causes of action are the same, and the parties are either identical or in privity with earlier litigants, and that the failure of the first action would bar the second. Nonetheless, I believe that the two causes of action are in fact different. This is indicated by the fact that a defense which would defeat the first action—that the owner would not be putting the property to her personal use—would not be available against the second action. Or to put the matter another way, an allegation of intended personal use was an additional and necessary element to the present cause of action, and serves to distinguish it from its predecessor. As the Restatement of Judgments provides, at section 62:

> Where a judgment is rendered in favor of the plaintiff or where a judgment on the merits is rendered in favor of the defendant, the plaintiff is precluded from subsequently maintaining a second action based upon the same transaction, *if the evidence needed to sustain the second action would have sustained the first action.* (Emphasis supplied.)

Since the two causes of action are different, the only form of res judicata that may be applicable is collateral estoppel. But collateral estoppel operates only as to those issues which were in fact determined between the parties in their prior litigation, and so does not reach the question, newly presented here, of whether Maduro had become a bona fide owner seeking to reacquire his property for his own use.

 The appellant Hendricks also urges that Maduro did not sufficiently demonstrate his "good faith" in seeking restitution. Rather, Hendricks claims that Mrs. Andre

has succeeded in accomplishing, indirectly, what she had been unable to do in her original action. She has made the apartment available to Maduro. While her wishes have undoubtedly been satisfied, however, I do not think that this is grounds for complaint as a matter of law. By transferring actual ownership she necessarily transferred such incidental rights as that to restitution. So long as the ownership was effectively transferred the exercise of these rights is out of her hands, and although the new owner may make a gratifying use of them the ultimate power of decision will rest with him. Mrs. Andre thus accomplished her purposes only at the price of relinquishing part of her ownership interest, and should not be seen as merely achieving them "indirectly" and by proxy. It is also conceivable, of course, that the title transfer was only a sham transaction or that Maduro did not in fact intend to occupy the apartment. The former issue was not litigated at trial, however, and on the latter the trial judge found that there was a good faith plan to take up residence. Since this finding of fact is supported by competent evidence, it will not be disturbed on appeal.

The judgment of the Municipal Court will therefore be affirmed.