Alfred Eugene SMITH, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 72–1194.

United States Court of Appeals, Sixth Circuit.

Aug. 16, 1972.

Alfred Eugene Smith, on brief pro se.

William W. Milligan, U. S. Atty., Robert D. Zitko, Asst. U. S. Atty., Columbus, Ohio, on brief, for defendant-appellee.

Before PHILLIPS, Chief Judge, MILLER, Circuit Judge, and O'SULLIVAN, Senior Circuit Judge.

PHILLIPS, Chief Judge.

This is an appeal from the dismissal of Smith's complaint alleging that $10,380[1] confiscated from him at the time of his arrest for bank robbery belonged to Smith and not to the bank.

The factual chronology is as follows: On August 25, 1969, the Huntington National Bank of Columbus, Ohio, was robbed of $15,074. On August 27, 1969, agents of the Federal Bureau of Investigation, after obtaining an arrest warrant for Smith, proceeded to the location where he was suspected to be staying. Upon arrival at the third floor apartment, the agents knocked and identified themselves, informed the occupants that they had an arrest warrant for Smith and requested permission to enter. Upon hearing people running in the apartment, the agents forced the door open and entered. Smith had fled, going out a rear window and climbing down onto a second floor roof and then to the ground. He was apprehended upon reaching the ground. A brief case on the ground near him, which contained $10,819, was confiscated.

A search of the kitchen area produced an additional $500 in twenty dollar bills

1. There is a discrepancy between the amount found in the possession of Smith, i. e., $10,819, and the amount claimed by Smith of $10,380.

in Smith's coat pocket which was identified as bait money stolen at the time of the bank robbery. All of the bait money had been removed from the brief case. Smith was convicted of bank robbery in violation of Title 18, U.S.C. § 2113(a) and (d). Smith entered a plea of not guilty to the charges and was convicted by a jury. His conviction was affirmed on appeal. United States v. Smith, No. 71–1063 (6th Cir. June 21, 1971, unpublished).

Smith's only defense at his criminal trial was that he had received the entire $15,074 from a bank employee who had embezzled the money, hence he was not guilty of armed robbery. Smith contends, in this civil suit, that the $10,380 did not belong to the bank but was his own property and alleges that he can prove that the money belongs to him. The District Court, in dismissing the complaint, stated: "It is clear from the record that the $10,380 claimed by petitioner is part of the monies that petitioner stole from the Huntington National Bank." Upon review of Smith's criminal trial transcript, it is obvious that the District Court relied upon the findings of the jury and its verdict of guilty to reach his conclusion that this case was without merit.

For many years it was considered error to admit evidence of a prior conviction, in which a plea of not guilty had been entered, in a subsequent civil case. See Dunham v. Pannell, 263 F.2d 725, 727 (5th Cir. 1959). This rule was founded upon the reasoning that a judgment in a criminal case, whether of conviction or acquittal, was incompetent when offered in a civil case to prove the facts upon which it was based. The dissimilarity of parties, issues and procedures were offered as reasons for the rule of exclusion. See Annotation, 31 ALR 262. This reasoning has been eroded and in more recent cases it has been held that such evidence may be admissible in a subsequent civil suit under certain circumstances. See Emich Motors v. General Motors, 340 U.S. 558, 71 S.Ct. 408, 95 L.Ed. 534 (1951); United States v. Fabric Garment Co., 366 F.2d 530 (2d Cir. 1966). See also 19 Vand. L.Rev. 683, 701 (1966).

In the present case, we hold that the prior conviction of Smith for bank robbery and the defense interposed by him in the criminal case were properly considered by the District Judge in reaching his decision to dismiss the complaint in this civil action. Smith was presented with more than ample opportunity to overcome the charges lodged against him while he was protected by the presumption of innocence. His case was presented to a jury which found him guilty of armed bank robbery beyond a reasonable doubt, upon the same facts which now are urged as the basis for his civil suit.

In affirming Smith's conviction, this court said:

"It was appellant's individual theory that the money was not obtained by him through a robbery but was given to him by an employee of the bank pursuant to an agreement between the appellant and the appellee." United States of America v. Alfred Eugene Smith, No. 71–1063 (6th Cir., filed June 21, 1971). (Unpublished)

This theory was wholly inconsistent with Smith's present assertion that the money belonged to him personally. The District Court properly relied upon the evidence and jury verdict in Smith's criminal trial and correctly dismissed the complaint.

This opinion is not intended to be a precedent for disposing of cases on motions to dismiss when summary judgment is the appropriate remedy. We think summary judgment would have been the preferable procedure in the present case. Because of the unique factual situation, however, we have concluded that the District Court did not commit reversible error in dismissing the complaint.

Affirmed.