Albert **LINDQUIST**, Plaintiff-Appellant,

v.

Dolores **QUINONES** and Frank Cata-nach, Defendants-Appellees.

Civ. No. 1978—10.

District Court of Virgin Islands, D. St. Croix.

July 31, 1978.

Allan A. Christian, Christian & Charles, Frederiksted, St. Croix, V. I., for plaintiff-appellant.

Jeffrey L. Resnick, James & Resnick, Christiansted, St. Croix, V. I., for defendant-appellee Dolores Quinones.

Warner Alexander, Merwin, Alexander & O'Brien, Christiansted, St. Croix, V. I., for defendant-appellee Frank Catanach.

WARREN H. YOUNG, District Judge.

I

Albert Lindquist appeals from an October 19, 1977 decision of the Territorial Court whereby summary judgment was entered in favor of appellees Dolores Quinones and Frank Catanach. For the reasons set forth herein, the judgment of the Territorial Court in favor of Catanach will be affirmed, the judgment in favor of Quinones will be vacated, and this matter will be remanded for further proceedings not inconsistent herewith.

The factual circumstances giving rise to this law suit are as follows: During November of 1974, Quinones employed Catanach for the purpose of transporting some furniture to or from her place of residence. Quinones' yard and lawn were heavily saturated with water and, during the course of the

moving operations, a van belonging to Catanach became mired in mud. Lindquist was called upon to excavate the van. However, a bulldozer dispatched to the scene did no more than come to rest in the mud next to the van. The second bulldozer dispatched succeeded in freeing the van and extracating the first bulldozer, and it also succeeded in damaging Quinones' yard and lawn to the tune of $7,000.00.

On January 20, 1975, Quinones brought suit against Catanach for the damage done to her property.[1] Alleging that any such damage was the product of the culpable conduct of Lindquist and his agents, Catanach impleaded Lindquist for indemnification for any damages recovered by Quinones. Lindquist failed to answer or otherwise defend against the allegations of Catanach's third party complaint. Quinones recovered $7,000 from Catanach, who in turn was awarded indemnification from Lindquist per default judgment dated January 20, 1976.[2]

On March 25, 1976 Lindquist executed a note and mortgage instrument in favor of the Insurance Company of North America (INA), Catanach's insurer and subrogee, for the purpose of satisfying his indebtedness on the aforesaid judgment. Lindquist eventually defaulted on said note, causing INA to institute an action for debt and foreclosure in this Court.[3] Lindquist failed to appear in said proceeding and judgment of foreclosure was entered in favor of INA on November 5, 1976. On May 18, 1977 Lindquist moved this Court for relief from the judgment of foreclosure, maintaining that Quinones should not be entitled to receive free of charge certain repair services effected by Lindquist to Quinones' property, as well as the proceeds from INA for the full value of the property damage

sustained. Said motion was denied on the ground that any such relief would have to be sought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure in Civil No. 34B/1975. This law suit ensued.

The gravamen of Lindquist's complaint is a claim of entitlement to reimbursement for services rendered in extracating Catanach's van from Quinones' land and in remedying the property damage sustained by Quinones. The claim against Catanach—an action of assumpsit on quantum meruit—is based upon the law of contract. Lindquist avers that he performed services for and loaned certain equipment to Catanach and that he is entitled to compensation therefor. The claim against Quinones, however, sounds in tort. Lindquist alleges that the services performed in remedying the property damage suffered by Quinones were originally effected without charge. Lindquist maintains, however, that Quinones' subsequent acceptance of insurance proceeds from INA for the identical property damage constituted fraud, thereby entitling Lindquist to compensatory damages for the value of the repair services which he performed as well as an exemplary damage award.

Catanach and Quinones moved for the entry of summary judgment in their favor contending that the aforesaid claims should have been asserted in Civil No. 34B/1975 as compulsory counterclaims and that the doctrines of res judicata and collateral estoppel barred the assertion thereof in an independent law suit. The trial court agreed and entered summary judgment in appellees' favor. On appeal Lindquist contends: (1) that he was under no obligation to assert a counterclaim against Quinones in Civil No. 34B/1975 inasmuch as Quinones, the original plaintiff, never opted to proceed direct-

---

1. In this and related proceedings, Lindquist and Catanach were frequently referred to by their respective business identities, i. e. "Ideal Water Company" and "Island Transport Service, Inc." For the sake of brevity and clarity, all references to said parties herein are to their surnames.

2. *Quinones v. Island Transport Services*, Mun.Ct. of V.I., St. Croix Div., Civil No. 34B/1975.

3. *See, Insurance Company of North America v. Lindquist*; D.V.I., Div. St. Croix, Civ. No. 76/566.

ly against Lindquist, the third party defendant; (2) that he was under no obligation to assert his claim against Catanach in Civil No. 34B/1975 for his reimbursement claim had not yet matured; and (3) that allegations of fraud render void the prior judgment and permit the assertion of Lindquist's instant claims in an independent proceeding.

## II

As a starting point it is necessary to differentiate between the doctrines of collateral estoppel and res judicata. The former prohibits parties who have litigated one cause of action from relitigating in a second and distinct cause of action matters of fact which were necessarily determined on the merits in the first law suit. By definition it is inapplicable where judgment was entered in the first law suit upon default. Restatement Judgments § 68F (1942); *Moore's Federal Practice*, Vol. 1B 80.444[2] (2d ed. 1974). The doctrine of res judicata, on the other hand, bars relitigation of the *same cause of action*. It is applicable to matters actually raised and matters which *should have been raised* in the first proceeding. As such, a judgment obtained upon default is just as conclusive an adjudication between parties for the purposes of res judicata as when rendered after answer and complete contest in the open courtroom. *Williams v. Five Platters, Inc.*, 510 F.2d 963 (Cust. & Pat. App., 1975); *Hazen Research, Inc. v. Omega Minerals, Inc.*, 497 F.2d 151 (5th Cir. 1974); *Somportex Ltd. v. Philadelphia Chewing Gum Corp.*, 453 F.2d 435 (3d Cir. 1971). When judgment upon default has been entered in a prior proceeding any attempt to assert in a subsequent law suit a matter which would have constituted a compulsory counterclaim in the first litigation, ergo a matter which "should have been raised" in the first litiga-

tion, is barred by the doctrine of res judicata. See, e. g., Wright and Miller, *Federal Practice and Procedure*, § 1417 (1971).[4]

## III

Appellant contends that he was not required to assert any claim against Quinones in 34B/1975 as a compulsory counterclaim inasmuch as Quinones, the plaintiff therein, failed to proceed directly against Lindquist, the third party defendant, and, therefore, did not constitute an "opposing party" within the context of Fed.R.Civ.P. 13(a) and 14(a).

Rule 13(a) requires a party to assert as a counterclaim in a responsive pleading any claim then had against an opposing party which arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. In the context of third party practice, the original plaintiff does not become an opposing party of the third party defendant unless plaintiff first elects to assert a claim directly against third party defendant. Absent such, the third party defendant is free to withhold his claim against plaintiff and to make it the basis for a separate action. Wright and Miller, *Federal Practice and Procedure* § 1458 (1972). Rule 14(a) is directly on point.

The third-party defendant *may* assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant *may* also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. The plaintiff *may* assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's against the third-party plain-

**4.** Compulsory counterclaims must be asserted in civil proceedings before the Territorial Court. There being no express conflict between 5 V.I.C. App. IV R.34 and Fed.R.Civ.P. 13(a), the Territorial Court is directed by 5 V.I.C. App. IV R.7 to adhere to the rules governing practice and procedure in the district court. See, 5 V.I.C. App. I R.13(a).

tiff, and the third-party defendant *thereupon shall assert . . . his counterclaims . . . as provided in Rule 13. . . .*

In 34B/1975, Quinones failed to assert a claim against Lindquist for the damage to her property. Quinones and Lindquist never having attained the status of "opposing parties" in said proceeding, Lindquist was not required to therein assert his claim for fraud against Quinones as a compulsory counterclaim.

It must be noted that the application of the doctrine of res judicata is not confined to situations wherein a claim which should have been asserted as a compulsory counterclaim in a prior proceeding is pressed in a subsequent suit. Compulsory counterclaims are but one type of matter which "should have been raised" in a prior law suit for the purposes of res judicata. Therefore, the mere fact that Lindquist was not obligated to raise his fraud claim against Quinones as a compulsory counterclaim in 34B/1975 does not *per se* render the doctrine of res judicata inapplicable herein. However, the parties have not addressed themselves to the applicability *vel non* of res judicata, in this broader sense, to Lindquist's fraud claim against Quinones. Also, the reasoning of the trial court in entering summary judgment in favor of Quinones appears to center upon the utilization of res judicata solely as a means of enforcing the compulsory counterclaim provisions of Fed.R.Civ.P. 13(a) and 14(a). In any event, an examination of the allegations of fraud made by Lindquist herein compels the conclusion that said claim did not "arise out of the transaction or occurrence" constituting the subject matter of 34B/1975. *See, in this regard Xerox Corporation v. SMC Corporation,* 576 F.2d 1057

5. *See,* Responses to Interrogatories, # 1, filed Oct. 6, 1977.

6. *Quinones v. Island Transport Service, Inc.,* Mun.Ct. of V.I., St. Croix Div., Civil No. 34B/1975, default judgment entered Oct. 16, 1975.

(3d Cir. filed 5/17/1978); *Great Lakes Rubber Corp. v. Herbert Cooper Co.,* 286 F.2d 631 (3d Cir., 1961). The judgment of the Territorial Court entered in favor of Quinones will therefore be vacated.

## IV

Appellant does not take issue with the trial court's implicit determination that his reimbursement claim against Catanach arose out of the transaction or occurrence constituting the subject matter of Catanach's impleader claim. *See, in this regard, Xerox Corporation v. SMC Corporation, supra; Great Lakes Rubber Corp. v. Herbert Cooper Co., supra.* Rather, appellant maintains that said claim for reimbursement did not rise to a compulsory counterclaim in 34B/1975 because it had not at that time matured. Appellant's reliance upon *Stahl v. Ohio River Company,* 424 F.2d 52 (3d Cir. 1970) in this regard is misplaced. *Stahl* is clearly inapposite to the facts and circumstances of the matter *sub judice.* Furthermore, it is a matter of record herein that the services allegedly rendered by Lindquist took place in "early 1975"[5], and that the time for asserting the claim for reimbursement extended to August 7, 1975, twenty days after service of the third party complaint upon Lindquist.[6]

Irrespective of Lindquist's contentions as to maturity, the doctrine precluding the adoption of inconsistent positions in judicial proceedings would bar Lindquist from asserting herein that Catanach agreed to reimburse Lindquist for the services rendered, given Lindquist's unequivocal contrary assertion in District Court Civil No. 556/1976.[7] *See, e. g., Smith v. United States,* 466 F.2d 535 (6th Cir. 1972); *In re Double D Dredging Co.,* 467 F.2d 468 (5th

7. In a sworn affidavit submitted by Lindquist in support of a motion for relief from judgment he stated that the services rendered to Catanach were "free of charge".

Cir. 1972); *United States v. Webber*, 396 F.2d 381 (3d Cir. 1968).

Finally, appellant's contention that fraud vitiates the judgment entered in favor of Catanach in 34B/1975 is without merit. Again, the authorities relied upon by appellant are inapposite to the facts and circumstances herein. Furthermore, Lindquist did not allege fraud in his complaint against Catanach. The pertinent paragraphs thereof state no more than an action for assumpsit.

The judgment of the Territorial Court entered in favor of Catanach will be affirmed. This opinion and attached order shall serve as the mandate in the event no appeal is taken herefrom within the statutory time period allowed.