Ted J. ALLISON,
*Appellant,*

*v.*

David M. MONTGOMERY,
*Respondent.*

(16-91-05111; CA A73971)

846 P2d 435

Steven L. Philpott, Eugene, argued the cause for appellant. With him on the briefs was Armstrong, McCullen & Philpott, P.C., Eugene.

Steve C. Baldwin, Eugene, argued the cause for respondent. With him on the brief was Harrang Long Watkinson Arnold & Laird, P.C., Eugene.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

### WARREN, P. J.

Plaintiff appeals a summary judgment for defendant. We reverse.

On April 11, 1980, plaintiff and defendant entered into a written agreement for the planting, cultivation and harvest of Christmas trees on plaintiff's land. Defendant agreed to pay plaintiff 25 percent of the stumpage value of any Christmas trees sold and to remove all Christmas trees from the land no later than 10 years after planting. Defendant planted some trees in the spring of 1980 and some in the spring of 1981.

In 1990, defendant sold some of the trees, but failed to pay plaintiff his share of the stumpage value. On April 4, 1991, plaintiff brought a small claims action against defendant to recover that sum. On May 7, 1991, plaintiff notified defendant that he had also breached their agreement by failing to remove all of the remaining Christmas trees. On May 20, 1991, defendant consented to entry of judgment for plaintiff in the small claims court. On June 20, 1991, plaintiff filed this action in the circuit court, seeking damages for defendant's failure to remove the remaining Christmas trees. Defendant moved for summary judgment, arguing that the claim was precluded by the judgment in the small claims action. The court granted that motion.

Defendant contends that plaintiff's circuit court action is barred, based on the common law rule of claim preclusion. He argues that, under that doctrine, all claims that exist *at the time of a judgment* that arise from the same factual transaction merge into that judgment and cannot be asserted in a later action. Because the second breach of contract occurred before the entry of judgment in the small claims action, defendant asserts that plaintiff's claim for that breach merged into that judgment.

■ In defendant's view, the date of entry of judgment is the critical date for evaluating whether a claim is precluded. We have already decided that, when there are successive breaches of a continuing contract, the critical date for claim preclusion purposes is the date the earlier action is commenced:

"With respect to continuing contracts, the rule against splitting a cause of action does not prevent the bringing of successive actions for successive breaches of the same contract *when the contract is not terminated by a single breach* and each suit is brought after the subject breach but before a subsequent breach. * * * However, *if at the time an action is commenced* for a specific breach of a separable and divisible contract, there exist other breaches of that contract which are not so independent of each other as to constitute separate and distinct causes of action, they are all parts of one indivisible demand and must be included in the action or be barred." *Stowell v. R.L.K. and Company*, 66 Or App 567, 572, 675 P2d 1074 (1984). (Citations omitted; emphasis supplied.)[1]

 Because defendant's breach of the contractual obligation that was the subject of the small claims action did not terminate the contract, plaintiff's action based on the subsequent breach could be barred by the earlier judgment only if the second breach occurred before plaintiff commenced the first action. Because it is unclear from the summary judgment record whether defendant had breached the contract provision requiring him to remove the remaining Christmas trees before plaintiff commenced his small claims action, there is a genuine issue of material fact that precludes summary judgment. ORCP 47C.

Reversed and remanded.

---

[1] To support his argument that all claims arising from the breach of a continuing contract must be asserted in the same action or be barred, defendant relies on *Wilson v. Western Alliance Corp.*, 78 Or App 197, 201, 715 P2d 1344, *rev den* 301 Or 446 (1986), where we held that, when there is a repudiation of a continuing contract, the plaintiff must sue on the whole contract. We reached that conclusion because a repudiation terminates the contract. 78 Or App at 201. As we said in *Stowell*, if a contract is terminated by a single breach, all claims arising from that contract must be asserted in a single action. 66 Or App at 572. Consequently, *Wilson* is not inconsistent with *Stowell v. R.L.K. and Company, supra*. Because the contract here was not repudiated, *Wilson* is not on point.