COASTAL GENERAL CONSTRUCTION SERVICES, INC., Appellant,

v.

VIRGIN ISLANDS HOUSING AUTHORITY, Appellee.

No. CIV.A.1999–134.

District Court, Virgin Islands, Appellate Division, D. St. Thomas.

Filed Dec. 20, 2002.

Fred Vialet, Jr., St. Thomas, VI, for the Appellant.

Vincent F. Frazer, St. Thomas, VI, for the Appellee.

Before: RAYMOND L. FINCH, Chief Judge of the District Court of the Virgin Islands; THOMAS K. MOORE, Judge of the District Court of the Virgin Islands; and EDGAR D. ROSS, Judge of the Territorial Court of the Virgin Islands, Division of ST. CROIX, Sitting by Designation.

## OPINION

PER CURIAM.

On September 29, 1988, Coastal General Construction Services Corporation ["Coastal"] entered into a contract to renovate and modernize the Donoe housing

project for the Virgin Islands Housing Authority ["VIHA"] for the negotiated contract price of $2,209,587. Due to Coastal's inability to secure performance bond and payment bonds, as well as VIHA's inability to secure adequate federal financing for the project, and before Coastal had begun any work on the project, VIHA issued a notice of termination of the contract on June 6, 1989.

In February of 1992, Coastal sought compensation by filing a "termination claim" for start-up expenses of $1,114,799. This claim was submitted without any supporting documentation. After VIHA rejected Coastal's claim, Coastal demanded arbitration in April of 1992. On November 16, 1992, less than twenty-four hours before the scheduled arbitration hearing, Coastal presented VIHA with an amended arbitration claim in the amount of $2,343,933 along with numerous volumes of supporting documentation. At the commencement of the arbitration proceeding, VIHA objected to the amended claim and moved to continue the hearing to allow it time to investigate. The arbitrator reserved his ruling on both VIHA's objection and motion to continue and proceeded with the arbitration. At the close of arbitration, VIHA again reiterated its objections and renewed its motion for a continuance. Notwithstanding VIHA's objection and motion to continue, the arbitrator awarded Coastal $1,262,049 plus reimbursement of administrative fees and permitted it to keep the tools and equipment allegedly purchased for the project.

Following this award, VIHA began an investigation of the documents submitted by Coastal in support of its claim. This investigation revealed that several submitted documents were fraudulent.[1] In response to this discovery, VIHA filed suit in the Territorial Court to vacate the arbitrator's award in 1993. Coastal subsequently removed the case to the District Court and moved that court to confirm its arbitration award. After denying Coastal's motion to confirm the award, the District Court vacated the award on the ground that the arbitrator had violated 9 U.S.C. § 10(a)(3) on account of his failure to postpone the hearing. Coastal appealed this decision to the Third Circuit Court of Appeals, which vacated the District Court's decision for lack of subject-matter jurisdiction and instructed the District Court to remand the case back to the Territorial Court. *See Virgin Islands Hous. Auth. v. Coastal Gen. Constr. Servs. Corp.*, 27 F.3d 911 (3d Cir.1994). After the remand back to the Territorial Court, this matter proceeded to trial on February 23, 1999, where the trial court found that the arbitrator had violated 9 U.S.C. § 10(a)(3) on account of his failure to postpone the hearing as well as finding that the award had been procured by fraud in violation of 9 U.S.C. § 10(a)(1). Coastal now appeals to this Court arguing that the arbitrator was not guilty of misconduct in failing to postpone the hearing and that there was no evidence that the arbitration award was procured by fraud.[2]

## I. Jurisdiction and Standard of Review

This Court has jurisdiction to review final judgments and orders of the Territo-

---

1. The investigation ultimately led to the convictions of William and Esther Koenig, principals and officers of Coastal, for conspiracy and fraud. The Court of Appeals upheld William Koenig's conviction, but overturned Esther Koenig's conviction. *See United States v. Koenig*, 281 F.3d 225 (3d Cir.2001).

2. As this Court concludes that the trial court properly found that the arbitrator violated 9 U.S.C. § 10(a)(3), we need not address the issue of whether the arbitration award was procured by fraud in violation of 9 U.S.C. § 10(a)(1).

rial Court in all civil cases. *See* 4 V.I.C. § 33.[3] Even though judicial review of an arbitration award is very deferential,[4] we have plenary review over the trial court's grant of summary judgment to vacate an arbitration award. *See Exxon Shipping Co. v. Exxon Seamen's Union,* 73 F.3d 1287, 1291 (3d Cir.1996); *cf. Dennenberg v. Monsanto,* 168 F.Supp.2d 494, 495 (D.V.I.2001) ("Where the issues on appeal involve the application of legal precepts and statutory construction, our standard of review is plenary.") (citing *Ross v. Bricker,* 26 V.I. 314, 318, 770 F.Supp. 1038, 1042 (D.V.I.1991)). The Court will uphold findings of fact unless clearly erroneous. *See* 4 V.I.C. § 33; *see also Virgin Islands v. Kidd,* 79 F.Supp.2d 566, 569–70 (D.V.I. 1999). "Clear error exists when, giving all deference to the opportunity of the trial judge to evaluate the credibility of witnesses and to weigh the evidence, we are 'left with a definite and firm conviction that a mistake has been committed.'" *In re Custody & Control,* 171 F.Supp.2d 499, 505 (D.V.I.2001) (citation omitted); *see also Virgin Islands. v. Albert,* 89 F.Supp.2d 658, 663 (D.V.I.2000).

## II. Trial Court Did Not Err in Vacating Arbitration Award

■ Section 10(a)(3) of title 9 of the United States Code authorizes courts to vacate arbitration awards:

where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

9 U.S.C. § 10(a)(3). To constitute misconduct requiring the vacation of an arbitration award, the arbitrator's conduct "must be one that is not simply an error of law, but which so affects the rights of a party that it may be said that he was deprived of a fair hearing." *Newark Stereotypers' Union v. Newark Morning Ledger Co.,* 397 F.2d 594, 599 (3d Cir.1968). Upon reviewing the trial court's findings, we can find no error on its part in ruling that the arbitrator's failure to postpone the hearing at the request of the government was misconduct warranting the vacation of the award.

In *Newark Stereotypers' Union,* the appellant union argued that the arbitrators' refusal to inquire into the reasons for an expert witness's refusal to testify about the installation of a machine that would reduce union jobs amounted to misconduct.[5] In rejecting the union's argument, the Court of Appeals noted the panel had twice recessed to give the union time to deal with the situation—once to petition to district court to compel the witness's testimony and once more to give the union time to have two other expert witnesses examine the machine in question. *See id.*

---

3. *See* Revised Organic Act of 1954 § 23A; 48 U.S.C. § 1613a. The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541–1645 (1995 & Supp.2002), *reprinted in* V.I. Code Ann. 73–177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp.2002) (preceding V.I. Code Ann. tit. 1).

4. The Federal Arbitration Act "limits the court's role to determining whether the parties received a fair and honest hearing on a matter within the arbitrators' authority. The court may not take issue with the arbitrators' interpretation of the contract. Nor can it consider whether the arbitrators committed an error of law." *Sun Ship, Inc. v. Matson Navigation Co.,* 785 F.2d 59, 62 (3d Cir.1986) (citations omitted).

5. The union had alleged that the appellee publishing company had intimidated the witness into not testifying at the hearing.

at 597. The Court of Appeals also noted that the union rejected the witness's later offer to complete his testimony and did not object to the panel's dismissal of the witness. *See id.* These findings led the Court of Appeals to conclude that the arbitrators' conduct had not affected the fairness of the proceedings. *See id.* at 600.

It is quite evident from the facts that this case is readily distinguishable from *Newark Stereotypers' Union.* Unlike the appellant in *Newark Stereotypers' Union* when faced with an unexpected occurrence, VIHA was forced to proceed without the benefit of additional time to investigate and assess the situation. Although an arbitrator is not required to "follow all the niceties observed by the federal courts ... [he] must give each of the parties to the dispute an adequate opportunity to present its evidence and argument." *Tempo Shain Corp. v. Bertek, Inc.,* 120 F.3d 16, 20 (2d Cir.1997). Accordingly, the arbitrator's refusal to give VIHA time to investigate the amended claim presented by Coastal less than twenty-fours before the hearing amounts to misconduct as it clearly affected VIHA's right to a fair hearing.

Coastal attempts to stave off this conclusion by muddying the waters. In particular, Coastal relies on Rule 39 [6] of the rules of the American Arbitration Association ["AAA"] to assert that VIHA's failure to file either a written objection to the proceeding or a written request for a continuance constituted waivers of objection and, thus, the arbitrator was not guilty of any misconduct. (Appellant Reply Br. at 2–3; Appellant App. at 48–51, 97, 120–21, 144–45.) This argument, however, is meritless.

First, Rule 30, not Rule 39, applies to motions to continue an arbitration hearing and this rule does not require written motions. *Compare* AAA R. 30 ("The arbitrator may postpone any hearing upon agreement of the parties, upon request of a party for good cause shown, or upon the arbitrator's own initiative.") *with* AAA R. 39 ("Any party who proceeds with the arbitration after knowledge that any provision or requirement of these rules has not been complied with and who fails to state an objection in writing shall be deemed to have waived the right to object."), *available at* http://www.adr.org. Second, VIHA's apparent failure to object in writing to the arbitration proceeding is irrelevant to this Court's determination of whether the arbitrator was guilty of misconduct. This situation is analogous to *Health Services Management Corporation v. Hughes,* 975 F.2d 1253 (7th Cir.1992). In *Health Services Management,* the plaintiff discovered the potential conflict of two arbitrators moments before the proceeding. *See id.* at 1262. The Seventh Circuit Court of Appeals noted in dictum that the plaintiff could have either: (1) objected to the hearing and left, (2) objected to the hearing and then proceed if its objection was overruled, or (3) waived its objection and proceeded with the hearing. *See id.* In any event, "the arbitration panel would have been obligated to grant a postponement of the hearing [at the plaintiff's request] or risk having their award vacated under 9 U.S.C. § 10(a)." *See id.* at 1263. In this instance, VIHA was faced with the same dilemma on how to proceed. By rejecting VIHA's motion to continue the hearing and proceeding immediately to the hearing, the arbitrator violated 9 U.S.C. § 10(a) as forewarned by the Seventh Circuit Court of Appeals in *Health Services Management* and the trial court

---

**6.** Coastal actually refers to Rule 38 in its brief. According to the latest version of AAA rules (July 1, 2002), however, Rule 39 deals with the waiver of arbitration rules.

did not err in vacating the arbitration award accordingly.

### III. Conclusion

By failing to postpone the arbitration hearing upon VIHA's request, the arbitration was guilty of misconduct in violation of 9 U.S.C. § 10(a)(3). Accordingly, this Court will affirm the trial court's decision to vacate the arbitration award.

### ORDER

For the reasons set forth in the accompanying memorandum of even date, it is hereby

**ORDERED** the Territorial Court's memorandum and order vacating the appellant's arbitration award is **AF-FIRMED.**