

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-18-2004

# Coastal Gen Constr v. VI Housing Auth

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1300

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Coastal Gen Constr v. VI Housing Auth" (2004). *2004 Decisions.* Paper 697.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/697

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 03-1300

———————

COASTAL GENERAL CONSTRUCTION SERVICES CORPORATION,

Appellant

v.

VIRGIN ISLANDS HOUSING AUTHORITY

———————

Appeal from the District Court of the Virgin Islands
Division of St. Thomas and St. John
(D.C. Civil Action No. 99-cv-00134)
District Judge: Honorable Thomas K. Moore

———————

Submitted Under Third Circuit LAR 34.1(a)
May 6, 2004

Before: BARRY, AMBRO, and SMITH, Circuit Judges

(Opinion filed  May 18, 2004)

———————

OPINION

———————

AMBRO, Circuit Judge:

Coastal General Construction Services Corporation ("Coastal") challenges the decision of

the Appellate Division of the District Court of the Virgin Islands, which affirmed the Virgin

Islands Territorial Court's vacation of an arbitration award in favor of Coastal.  For the reasons

set forth below, we affirm.

## I. Factual and Procedural Background

The facts of this case date back to 1988 and have been reviewed numerous times by several courts. <u>See</u> <u>United States v. Koenig</u>, 281 F.3d 225 (3d Cir. 2001) (<u>Koenig I</u>); <u>V.I. Hous. Auth. v. Coastal Gen. Constr. Servs. Corp.</u>, 27 F.3d 911 (3d Cir. 1994) (<u>Coastal I</u>); <u>United States *ex rel.* V.I. Hous. Auth. v. Coastal Gen. Constr. Servs. Corp.</u>, 299 F. Supp. 2d 483 (D.V.I. 2004); <u>Coastal Gen. Constr. Servs., Inc. v. V.I. Hous. Auth.</u>, 238 F. Supp. 2d 707 (D.V.I. App. Div. 2002) (<u>Coastal II</u>)[1]; <u>United States v. Koenig</u>, 53 F. Supp. 2d 803 (D.V.I. 1999). Accordingly, we recite only those details essential to the resolution of this case.

In September 1988, Coastal and the Virgin Islands Housing Authority (VIHA) executed a contract for the renovation and modernization of a housing project. The total value of the contract was $2,209,587. Due to the parties' inability to perform, VIHA terminated the agreement in June 1999, prior to Coastal beginning work on the project. In February 1992, Coastal filed a claim against VIHA in the amount of $1,114,799 for start-up expenses, but supplied no documentation to support its claim. VIHA rejected Coastal's claim, and Coastal requested arbitration. The day before the arbitration hearing was to begin, however, Coastal presented VIHA an amended claim in the amount of $2,242,933 and provided VIHA numerous volumes of supporting documentation.

VIHA objected to the amended claim and requested a continuance. The arbitrator

---

[1] There is some confusion as to whether Coastal's official name is Coastal General Construction Services Corporation or Coastal General Construction Services, Inc. We understand that Coastal's official name is the former, and will treat it as such.

reserved ruling and proceeded with the arbitration. VIHA renewed its objection and request for continuance at the close of the arbitration. Nevertheless, the arbitrator awarded Coastal $1,262,049 and allowed Coastal to retain certain tools and equipment.

VIHA's subsequent investigation of Coastal's amended claim revealed it to be fraudulent.[2] VIHA then filed an action to vacate the arbitration award in the Virgin Islands Territorial Court. After an improvidently granted removal, the District Court for the District of the Virgin Islands vacated the arbitration award. On appeal, we vacated the judgment of the District Court, instructing it to remand the matter to the Territorial Court for resolution. Coastal I, 27 F.3d at 917.

Upon remand, the Territorial Court vacated the arbitration award in February 1999. It found that the arbitrator committed misconduct in violation of 9 U.S.C. § 10(c)(3) by refusing to postpone the hearing to allow for investigation of Coastal's amended claim. The Territorial Court also found that the arbitrator's award was procured by fraud in violation of 9 U.S.C. § 10(c)(1).

Coastal appealed the Territorial Court's decision to the Appellate Division of the District Court of the Virgin Islands. See 4 V.I.C. § 33 (conferring jurisdiction on the Appellate Division to review final judgments and orders of the Territorial Court in civil cases). The Appellate Division affirmed the Territorial Court's decision to vacate the arbitration award. Coastal II, 238 F. Supp. 2d at 711.

Before us, Coastal argues that: (1) the arbitrator did not commit misconduct in violation

---

[2] As discussed in Koenig I, *supra*, this discovery ultimately led to the conviction of William Koenig, one of Coastal's principals.

of 9 U.S.C. § 10(c)(3); (2) the arbitrator's award was not procured by fraudulent evidence; and (3) the Territorial Court erred by admitting trial transcripts from related criminal proceedings instead of requiring VIHA to produce live witnesses at trial.

## II.  Jurisdiction and Standard of Review

We have jurisdiction to review the Appellate Division's decision under 28 U.S.C. § 1291 and § 23A(c) of the United States Virgin Islands Revised Organic Act of 1954, as amended  (48 U.S.C. § 1613a(c)).  We exercise the same standard of review applied by the Appellate Division. B.A. Properties, Inc. v. Gov't of United States V.I., 299 F.3d 207, 211 (3d Cir. 2002); Semper v. Santos, 845 F.2d 1233, 1236 (3d Cir. 1988).  The Appellate Division properly exercised plenary review over the legal conclusions of the Territorial Court and applied the clearly erroneous standard to the Territorial Court's factual findings.  Coastal II, 238 F. Supp. 2d at 709.

## III.  Analysis

Courts may vacate an arbitration award "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown."  9 U.S.C. § 10(a)(3).  We define "misconduct" under 9 U.S.C. § 10(a)(3) as conduct "which so affects the rights of a party that it may be said that he was deprived of a fair hearing."  Newark Stereotypers' Union v. Newark Morning Ledger Co., 397 F.2d 594, 599 (3d Cir. 1968), 393 U.S. 954 (1968).  Similar to the Appellate Division, we perceive no error in the Territorial Court's finding that the arbitrator committed misconduct by refusing to postpone the November 1993 arbitration hearing.  We also agree that this misconduct warranted vacation of the arbitration award.

On appeal, Coastal essentially argues that VIHA was at fault for failing to prepare for the arbitration.  Coastal also states that the record fails to establish VIHA's due diligence.

4

Unfortunately, this argument misses the mark. The Territorial Court found that Coastal refused to supply supporting documentation for its original claim and, less than twenty-four hours before the arbitration hearing was set to begin, presented hundreds of pages of documents in support of an amended claim for almost double the amount of the original claim. Coastal fails to cite any evidence to dispute this version of events. In fact, Coastal fails to discuss or explain its eleventh-hour tactics at all. Further, we agree with the Appellate Division that VIHA did not waive any right to object to the failure to postpone the arbitration because the American Arbitration Association ("AAA") rules, even if controlling, do not require that requests for postponements be in writing. See Coastal II, 238 F. Supp. 2d at 710 (stating that an arbitrator may postpone any hearing "upon request of a party for good cause shown" (quoting AAA Rule 30)). As such, we agree with the Territorial Court's conclusions in regard to misconduct and vacation of the arbitration award.[3]

\* \* \* \* \*

In this context, we affirm the Appellate Division's decision affirming the Territorial Court's vacation of the arbitration award.

---

[3] Accordingly, we need not reach Coastal's arguments that the Territorial Court erred in finding that the arbitration award was procured by fraud and in admitting transcripts from related criminal proceedings.