ELLEN STEWART, PERRY COWAN, DELIA THOMAS, HILARY
ACTIVILLE, ANTHONY ROMANO, ANDREA KING, DONALD (Skip)
KING, CAROLYN TYSON, MR. AND MRS. PETROSKY, and A.
JEFFREY WEISS, Appellants/Plaintiffs
v.
VIRGIN ISLANDS BOARD OF LAND USE APPEALS, DAWN L.
HENRY, COMMISSIONER VIRGIN ISLANDS DEPARTMENT OF
PLANNING AND NATURAL RESOURCES, and the VIRGIN ISLANDS
DEPARTMENT OF PLANNING AND NATURAL RESOURCES,
Appellees/Defendants, and ST. MARK COPTIC ORTHODOX
CHURCH, INC., Appellee/Intervenor

S. Ct. Civil No. 2014-0067

Supreme Court of the Virgin Islands

April 26, 2017

522

524

A. JEFFREY WEISS, ESQ., Law Offices of A. J. Weiss & Associates, St. Thomas, USVI, *Attorney for Appellants.*

■■■■■■■ ■■■■■■■■■■■■■ ■■■■■■■

PAMELA RAE TEPPER, ESQ., Solicitor General, St. Thomas, USVI, *Attorney for Appellees.*

SHAWN MAYNARD-HAHNFELD, ESQ., Law Offices of Desmond Maynard, Esq., St. Thomas, USVI, *Attorney for Appellee-Intervenor St. Mark's Coptic Orthodox Church, Inc.*

HODGE, *Chief Justice*, CABRET, *Associate Justice*, and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(April 26, 2017)

CABRET, *Associate Justice*. Ellen Stewart, Perry Cowan, Delia Thomas, Hilary Activille, Anthony Romano, Andrea King, Donald King, Carolyn Tyson, Mr. and Mrs. Petrosky, and A. Jeffrey Weiss (collectively "appellants"), neighboring land owners in Vessup Bay Estates, St. Thomas, appeal from a Superior Court order dismissing their action for declaratory and injunctive relief against the appellees, the Virgin Islands Board of Land Use Appeals ("BLUA"), the Virgin Islands Department of Planning and Natural Resources ("DPNR") and its Commissioner, Dawn L. Henry,[1] and the appellee-intervenor St. Mark's Coptic Orthodox Church, Inc. ("St. Mark's Church"). Appellants argue that the Superior Court erred in applying res judicata and collateral estoppel to dismiss their case on the basis of this Court's decision in *Thomas v. V.I. Board of Land Use Appeals*, 60 V.I. 579 (V.I. 2014). For the reasons that follow, we affirm the Superior Court's dismissal of the first count of appellants' complaint, but reverse its dismissal of the second count of that complaint.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case is part of a nearly decade-long legal dispute involving the issuance of a Coastal Zone Management ("CZM") permit authorizing St. Mark's Church to construct a church and worship center at Consolidated Parcel 9-45 Estate Nazareth on St. Thomas. The CZM Committee denied

---

[1] The caption of this case has been updated to reflect that Dawn L. Henry is the most recent successor to Robert S. Mathes as Commissioner of DPNR. *See* V.I.S.CT.R. 34(c)(1) ("When a public officer who is a party to an appeal or other proceedings in the Supreme Court in his or her official capacity and during its pendency . . . otherwise ceases to hold office, the action does not abate and his or her successor is automatically substituted as a party.").

the permit on July 25, 2006, following a public hearing in which two appellants testified and at least one appellant submitted written objections opposing the permit.

St. Mark's Church appealed the CZM Committee's decision on September 6, 2006, and received a public hearing before the BLUA on April 12, 2007. Notwithstanding appellants' written requests for personal notice of future public hearings under 12 V.I.C. § 914(b) and (c),[2] and 12-21 V.I. CODE R. § 914-16,[3] the BLUA only published notice of its scheduled hearing in a local Virgin Islands newspaper. Appellants contend that, as a result, they were unaware of a public hearing held before the BLUA on April 12, 2007. After the hearing, on July 6, 2007, the BLUA reversed the CZM Committee's decision and granted St. Mark's Church's permit application, which was effective May 7, 2008.

On or about April 8, 2009, a group of nearby residents from Vessup Bay Estate, including nine of the eleven appellants, noticed clearing and related activities occurring at the proposed construction site. These residents filed an action ("*Activille*") in the United States District Court of

---

[2] Title 12, section 914 of the Virgin Islands Code provides in relevant part:

> (b) Procedures on appeal. The Board shall prepare a form of application for such appeals and shall adopt in the manner required by law rules and regulations governing the submission and review of applications for appeal and the notice and procedures for conduct of public hearings on such an appeal. In addition to public notice, personal notice of such a public hearing on an appeal shall be served on the Commission or its Committees, the Commissioner, the applicant for the coastal zone permit and the aggrieved person, if they be different, any person who has requested in writing to be notified of such public hearing date, and any person who testified at the public hearing held by the appropriate Committee of the Commission to consider the original application.

> (c) Public hearings. A public hearing on an appeal shall be held by the Board within sixty days after the appeal is filed with the Board, and a decision shall be rendered by the Board within thirty days after the conclusion of such public hearing. The Board shall notify the Commission or its Committee, the Commissioner, the applicant for the coastal zone permit and the aggrieved person, if they be different, of its decision by certified mail. Notice to all other persons who received notice of the public hearing on appeal may be by regular mail. Such notice shall be sent within four working days of the Board's decision.

[3] Title 12, section 914-16 of the Virgin Islands Code Rules & Regulations provides:

> In addition to public notice, personal notice of public hearings shall be served on the authority-below, the applicant and aggrieved persons, any person who has requested in writing to be notified of such public hearing date, and any person who has testified at any public hearing held by the authority-below, not less than twenty (20) days prior to such hearing.

527

the Virgin Islands on April 14, 2009, against the BLUA, St. Mark's Church, and former DPNR Commissioner Robert S. Mathes, seeking a temporary restraining order and an order enjoining St. Mark's Church from "any further site cleaning, earthwork, construction or other work" relating to its proposed church and worship center. The residents alleged that the defendants' conduct violated the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531-1544, the Due Process Clause, Virgin Islands law, and that it constituted public and private nuisance. The District Court denied the residents' motion for temporary restraining order on April 23, 2009. *See Activille v. V.I. Bd. of Land Use Appeals*, No. 3:09-cv-00058-CVG-GWB (D.V.I. Apr. 23, 2009).

A second group of residents, largely comprised of the same individuals, but including all eleven appellants, filed a second action (*"Thomas"*) in the Superior Court of the Virgin Islands on April 24, 2009, against the same defendants and seeking similar relief, except that these residents also included a petition for writ of review and did not assert a claim under the ESA. The Superior Court held a hearing on May 5, 2009, and issued an order on July 7, 2009, denying the *Thomas* plaintiffs' motion for a temporary restraining order and staying the entire action pending resolution of the *Activille* district court action. But the court lifted the stay shortly thereafter when it received notice that the first group of residents voluntarily dismissed the *Activille* district court action on May 7, 2009.

■ On July 24, 2009, the Superior Court held a hearing and in an August 3, 2009 order, it denied the *Thomas* plaintiffs' motion for reconsideration of its ruling on their motion seeking a temporary restraining order. Also in that order, the court construed the *Thomas* four-count complaint[4] as asserting five distinct claims: (1) injunctive relief for violation of the Virgin Islands Coastal Zone Management Act of 1978 ("CZM Act"), 12 V.I.C. §§ 901-914; (2) breach of restrictive covenants; (3) nuisance; (4) declaratory relief; and (5) writ of review. The court dismissed three of these five claims, explaining that it lacked jurisdiction over the injunctive and declaratory relief claims because the *Thomas* plaintiffs did not notify the BLUA or former Commissioner Mathes of their grievances thirty days prior to filing suit under 12 V.I.C.

---

[4] The *Thomas* complaint identified four counts, including: violation of due process; violation of Virgin Islands Law and restrictive covenants; violation of due process and writ of review; and nuisance.

§ 913(b)(2),[5] and that it also lacked jurisdiction over the petition for writ of review because the *Thomas* plaintiffs did not exhaust their administrative remedies under 12 V.I.C. § 913(d).[6] The court allowed the breach of restrictive covenants and nuisance claims to proceed.

On August 27, 2012, the Superior Court held a hearing and in a November 30, 2012 order, it granted St. Mark's Church summary judgment on the remaining breach of restrictive covenants and nuisance claims. On appeal, we affirmed both the court's August 3, 2009 and November 30, 2012 orders. *Thomas*, 60 V.I. at 596.

On September 22, 2009, appellants filed a third action ("*Stewart*"), which is the subject of this appeal, against the BLUA, St. Mark's Church, DPNR, and former Commissioner Mathes. Appellants alleged that: (1) defendants violated their right to due process by failing to provide them with personal notice under 12 V.I.C. § 914(b) and (c), and 12-21 V.I. CODE R. § 914-16; and (2) by failing to issue a notice of violation and stop work order to enjoin St. Mark's Church from "any construction work . . . being done on or after May 7, 2009," under the expired CZM

---

[5] Title 12, section 913(b)(2) of the Virgin Islands Code provides:

> Any person may maintain an action to compel the performance of the duties specifically imposed upon the Commission or the Commissioner of any public agency by this chapter; provided, however, that no such action shall be brought prior to thirty days after written notice has been given to the Commission, its Committees, the Commissioner, or such public agency by the complainant specifying the duties which the complainant alleges have not been performed. No bond shall be required for an action under this subsection.

[6] Title 12, section 913(d) of the Virgin Islands Code provides:

> *Judicial review — Writ of review*. Pursuant to Title 5, chapter 97 and Appendix V, Rules 10 and 11 of this Code, a petition for writ or review may be filed in the District Court of the United States Virgin Islands in the case of any person aggrieved by the granting or denial of an application for a coastal zone permit, including a permit or lease for the development or occupancy of the trust lands or other submerged or filled lands, or the issuance of a cease and desist order, within forty-five days after such decision or order has become final provided that such administrative remedies as are provided by this chapter have been exhausted.

Although this section continues to refer to the "District Court," the Legislature granted the Superior Court "original jurisdiction in all criminal actions" effective January 1, 1994. 4 V.I.C. § 76(b); *Hodge v. Bluebeard's Castle, Inc.*, 62 V.I. 671, 682-83 (V.I. 2015). "Therefore, the reference to 'the district court' in section [913(d)] — like all references to the District Court in the Virgin Islands Code enacted before the Legislature adopted 4 V.I.C. § 76 — has been implicitly repealed." *Kalloo v. Estate of Small*, 62 V.I. 571, 578 n.3 (V.I. 2015) (alterations, citation, and internal quotation marks omitted).

permit. Following our decision in *Thomas*, the Superior Court in *Stewart* directed appellants to submit a memorandum explaining whether their claims were barred under either the doctrine of res judicata or the doctrine of collateral estoppel. After a hearing held on September 23, 2014, the Superior Court dismissed appellants' action with prejudice under both doctrines. Appellants filed a timely notice of appeal on October 20, 2014.

## II. JURISDICTION

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by Law." V.I. CODE ANN. tit. 4, § 32(a). Because the Superior Court's September 23, 2014 order dismissing the complaint with prejudice was a final order within the meaning of section 32, we have jurisdiction over appellants' appeal. *Cacciamani & Rover Corp. v. Banco Popular De Puerto Rico*, 61 V.I. 247, 251 (V.I. 2014).

## III. DISCUSSION

Appellants argue that the Superior Court erred by relying on this Court's decision in *Thomas* to bar this action under the doctrines of res judicata and collateral estoppel because their claims for declaratory relief and injunctive relief, and their petition for writ of review were not dismissed on the merits in the prior proceedings. In the alternative, appellants argue that the second count of their complaint — which seeks to enjoin construction because St. Mark's Church allegedly failed to begin that work within the time period prescribed by the permit — arose after *Thomas* was filed, and therefore, did not arise out of a claim asserted in *Thomas* and was not addressed in *Thomas*. We review *de novo* the Superior Court's dismissal of a case. *Joseph v. Bureau of Corrections*, 54 V.I. 644, 649 (V.I. 2011) (citing *Martinez v. Colombian Emeralds, Inc.*, 51 V.I. 174, 187 (V.I. 2009)); *see Hara v. Reichert*, 287 Neb. 577, 843 N.W.2d 812, 815 (2014) ("The applicability of claim and issue preclusion is a question of law." (citation omitted)); *Kariuki v. Tarango*, 709 F.3d 495, 506 (5th Cir. 2013) (collateral estoppel); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (res judicata); *EB Invs., L.L.C. v. Atlantis Dev., Inc.*, 930 So. 2d 502, 507 (Ala. 2005) (same); *Ideal v. Burlington Res. Oil & Gas Co. LP*, 2010-NMSC-022, 148 N.M. 228, 233 P.3d 362, 366 (2010) (collateral estoppel).

## A. Res Judicata

■ Appellants' primary argument is that the Superior Court erred by relying on *Thomas* to bar their current action under the doctrine of res judicata because *Thomas* was not decided on the merits and because this action does not arise out of the same transaction or occurrence as the claims asserted in *Thomas*. Res judicata, also known as claim preclusion, precludes relitigation of "any claims that were raised or could have been raised in a prior action." *Stewart*, 297 F.3d at 956 (citation, emphasis, and internal quotation marks omitted). "It is premised on fairness to the defendant and sound judicial administration." *Alcantara ex rel. Alcantara v. Wal-Mart Stores, Inc.*, 321 P.3d 912, 915 (Nev. 2014) (citing *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 194 P.3d 709, 715 (2008)); *see Cassidy v. Bd. of Educ. of Prince George's Cnty.*, 316 Md. 50, 557 A.2d 227, 230 (1989) ("The purpose of the rule is to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." (citations and internal quotation marks omitted)). Before addressing the merits of the appellants' appeal, however, we must first establish the elements of res judicata. And although we have previously identified elements of res judicata, we have not yet conducted an evaluation under the analysis outlined in our decision in *Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967 (V.I. 2011). *See Sarauw v. Fawkes*, 66 V.I. 253, 261 (V.I. 2017) (noting that judicial decisions recognizing a common law doctrine were "of little utility" where those courts had "generally not analyzed the factors to be considered when applying the doctrine" (citation and internal quotation marks omitted)); *Coastal Air Transp. v. Royer*, 64 V.I. 645, 652 n.8 (V.I. 2016) (noting that "our prior decisions holding that mechanistic and uncritical reliance on the Restatements pursuant to former 1 V.I.C. § 4 has the effect of inappropriately delegating the judicial power of the Virgin Islands to the American Law Institute and to the governments of other jurisdictions" (citations and internal quotation marks omitted)). Under this precedent, we consider three factors: " '(1) whether any Virgin Islands courts have previously adopted a particular rule; (2) the position taken by a majority of courts from other jurisdictions; and (3) most importantly, which approach represents the soundest rule for the Virgin Islands.' " *Antilles Sch., Inc. v. Lembach*, 64 V.I. 400, 428 (V.I. 2016) (quoting *Gov't of the V.I. v. Connor*, 60 V.I. 597, 600 (V.I. 2014)).

■ Courts in the Virgin Islands have historically precluded a party from relitigating a claim under res judicata where: "(1) the prior judgment was valid, final, and on the merits; (2) the parties in the subsequent action are identical to or in privity with parties in the prior action; and (3) the claims in the subsequent action arise out of the same transaction or occurrence as the prior claims." *Cacciamani & Rover Corp.*, 61 V.I. at 255 (citation and internal quotation marks omitted); *Smith v. Turnbull*, 54 V.I. 369, 375 (V.I. 2010); *Selkridge v. United of Omaha Life Ins. Co.*, 237 F. Supp. 2d 600, 604 (D.V.I. 2002); *Guardian Ins. Co. v. Bain Hogg Int'l Ltd.*, 52 F. Supp. 2d 536, 545 (D.V.I. 1999); *Julien v. Comm. of Bar Exam'rs*, 923 F. Supp. 707, 716, 34 V.I. 281 (D.V.I. 1996); *Bank of Nova Scotia v. Bloch*, 533 F. Supp. 1356, 1359, 19 V.I. 45 (D.V.I. 1982); *Lindquist v. Quinones*, 79 F.R.D. 158, 161 (D.V.I. 1978); *Cenni v. Estate Chocolate Hole Landowners Ass'n, Inc.*, Case No. ST-15-CV-383, 2016 V.I. LEXIS 98, at *22 (V.I. Super. Ct. July 18, 2016); *In re Estate of Todman*, 48 V.I. 166, 183 (V.I. Super. Ct. 2006); *George v. Martin*, 44 V.I. 127, 135 (V.I. Super. Ct. 2001); *Boyd-Richards v. Massac*, 35 V.I. 62, 68 (V.I. Super. Ct. 1996)); *Hanley v. Hanley*, 26 V.I. 116, 121 (V.I. Super. Ct. 1991); *Dubery v. Dubery*, 24 V.I. 54, 57 (V.I. Super. Ct. 1988); *Sheen v. Cont'l Ins. Co.*, 18 V.I. 164, 167 (V.I. Super. Ct. 1982). These elements are recognized in a majority of other jurisdictions. *See Five Star Capital Corp.*, 194 P.3d at 713 ("These three factors, in varying language, are used in the majority of state and federal courts." (collecting cases)).[7]

---

[7] *See also Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980); *Lee L. Saad Constr. Co. v. DPF Architects, P.C.*, 851 So. 2d 507, 517 (Ala. 2002); *McElroy v. Kennedy*, 74 P.3d 903, 907 (Alaska 2003); *Dressler v. Morrison*, 212 Ariz. 279, 130 P.3d 978, 981 (2006); *Middleton v. Lockhart*, 344 Ark. 572, 43 S.W.3d 113, 117 (2001); *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 189 Cal. Rptr. 3d 809, 352 P.3d 378, 386 (2015); *S.O.V. v. People ex rel. M.C.*, 914 P.2d 355, 358 (Colo. 1996); *Santorso v. Bristol Hosp.*, 308 Conn. 338, 63 A.3d 940, 947 (2013); *Molovinsky v. Monterey Coop., Inc.*, 689 A.2d 531, 533 (D.C. 1996); *Bush v. Watson*, 81 Haw. 474, 918 P.2d 1130, 1135-36 (1996); *Andrus v. Nicholson*, 145 Idaho 774, 186 P.3d 630, 633-34 (2008); *Leow v. A & B Freight Line, Inc.*, 175 Ill. 2d 176, 676 N.E.2d 1284, 1285-86, 222 Ill. Dec. 80 (1997); *Penn v. Iowa State Bd. of Regents*, 577 N.W.2d 393, 398 (Iowa 1998); *Yeoman v. Commonwealth Health Policy Bd.*, 983 S.W.2d 459, 465, 45 13 Ky. L. Summary 36 (1998); *Beegan v. Schmidt*, 451 A.2d 642, 644 (Me. 1982); *Colandrea v. Wilde Lake Cmty. Ass'n*, 361 Md. 371, 761 A.2d 899, 908 (2000); *DaLuz v. Dep't of Corr.*, 434 Mass. 40, 746 N.E.2d 501, 505 (2001); *Johnson v. Hunter*, 447 N.W.2d 871, 873 (Minn. 1989); *Cook v. Soo Line R.R.*, 2008 MT 421, 347 Mont. 372, 198 P.3d 310, 313 (2008); *Hara*, 843 N.W.2d at 816; *Velasquez v. Franz*, 123 N.J. 498, 589 A.2d 143, 147 (1991); *Potter*, 342 P.3d at 57; *Parker v. Blauvelt Volunteer Fire Co.*,

In light of such widespread consistency between our courts and those in other jurisdictions, we conclude that this application of res judicata represents the soundest rule for the Virgin Islands because it protects litigants "from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-54, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979) (citations omitted); *accord Carr v. Rose*, 701 A.2d 1065, 1071 (D.C. 1997); *Potter v. Pierce*, 2015-NMSC-002, 342 P.3d 54, 57 (N.M. 2015); *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012). Therefore, to bar the relitigation of a claim under the doctrine of res judicata, an asserting party must demonstrate: (1) the prior judgment was valid, final, and on the merits; (2) the parties in the subsequent action are identical to or in privity with the parties in the prior action; and (3) the claims in the subsequent action arise out of the same transaction or occurrence as those in the prior action. *Cacciamani & Rover Corp.*, 61 V.I. at 255. Because all parties in this matter are either identical to or in privity with the parties in *Thomas*, our analysis will focus on the first and third elements.[8]

## 1. *Final Decision on the Merits*

■ Appellants contend that our decision in *Thomas* was not a final decision on the merits because we affirmed the dismissal of *Thomas* due to appellants' failure to satisfy preconditions to suit.[9] A decision is on the

---

93 N.Y.2d 343, 712 N.E.2d 647, 649-50, 690 N.Y.S.2d 478 (1999); *Reed v. Univ. of N.D.*, 1999 ND 25, 589 N.W.2d 880, 883 (1999); *MetroHealth Med. Ctr. v. Hoffmann-LaRoche, Inc.*, 80 Ohio St. 3d 212, 1997 Ohio 345, 685 N.E.2d 529, 533 (1997); *Hefley v. Neely Ins. Agency*, 1998 OK 12, 954 P.2d 135, 138 (1998); *Drews v. EBI Companies*, 310 Ore. 134, 795 P.2d 531, 535 (1990); *McNeil v. Owens-Corning Fiberglas Corp.*, 545 Pa. 209, 680 A.2d 1145, 1147-48 & n.2 (1996); *ElGabri v. Lekas*, 681 A.2d 271, 275 (R.I. 1996); *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012); *Gillmor v. Family Link, LLC*, 2012 UT 38, 284 P.3d 622, 626 (2012); *State v. Dann*, 167 Vt. 119, 124-125, 702 A.2d 105 (1997).

[8] DPNR is the only party in this matter not identical to a party in *Thomas*. DPNR, however, is in privity with former Commissioner Mathes because he was sued in *Thomas* in his official capacity as Commissioner of DPNR. *See Smith*, 54 V.I. at 376 ("An official-capacity suit is really just another way of suing the government." (quoting *Conner v. Reinhard*, 847 F.2d 384, 394 (7th Cir. 1988))); *see also Goldstein v. Galvin*, 719 F.3d 16, 23 (1st Cir. 2013) (same); *Harris v. Jones*, 471 N.W.2d 818, 820 (Iowa 1991) (same); *Brown v. Osier*, 628 A.2d 125, 128 (Me. 1993) (same).

[9] The BLUA, DPNR, Commissioner Henry, and St. Mark's Church rely exclusively on the earlier dismissal of the *Thomas* claims for declaratory relief and injunctive relief, and denial

merits if it "permanently forecloses a party from further advancing a claim or defense." *Mitchell v. Chapman*, 343 F.3d 811, 821 (6th Cir. 2003); *see Cassidy*, 557 A.2d at 231 ("Under the phrase 'on the merits,' we identify those judgments which should bar future litigation of the same claim." (citation omitted)). A decision may be on the merits for purposes of res judicata even if it does not actually resolve the underlying substantive issues, especially if a litigant does not avail himself of opportunities to pursue remedies in the first proceeding, or if he has flouted orders of the court. *See Costello v. United States*, 365 U.S. 265, 287, 81 S. Ct. 534, 5 L. Ed. 2d 551 (1961) (explaining that dismissals based upon the "failure of the plaintiff to prosecute, or to comply with the [r]ules of [c]ivil [p]rocedure, or to comply with an order of the [c]ourt, or to present evidence showing a right to relief on the facts and the law" operate as "adjudications on the merits"); *DeNardo v. Barrans*, 59 P.3d 266, 270 (Alaska 2002) (holding that a litigant's failure to comply with a calendaring order barred a subsequent action); *Five Star Capital Corp.*, 194 P.3d at 715 (same). A dismissal based on a litigant's failure to comply with a precondition to suit, for example, may or may not be on the merits depending on (1) whether the precondition is a jurisdictional requirement or a claims-processing rule and (2) whether noncompliance with the precondition can be cured by later action. If a precondition is jurisdictional, a dismissal based on a litigant's noncompliance is not on the merits because the court lacked jurisdiction over the claim. *See Joseph v. Daily News Publ'g Co.*, 57 V.I. 566, 580 n.4 (V.I. 2012) (explaining that a dismissal arising from lack of service of process was not on the merits under the doctrine of res judicata); *see also Costello*, 365 U.S. at 285, 287-88 (holding that a litigant's failure to comply with a jurisdictional affidavit of good cause filing requirement did not bar a subsequent action); *Madsen v. Borthick*, 769 P.2d 245, 248-50 (Utah 1988) (same, but notice of claim requirement under state law)); 18A

___

of the *Thomas* petition for writ of review to bar appellants' current action under res judicata. There has been no argument — either before the Superior Court or on appeal before this Court — that the dismissal of the *Thomas* claims for breach of restrictive covenants and nuisance also bars the appellants' current action under res judicata. As a result, that issue is waived on appeal. V.I.S.Ct.R. 4(h) ("Only issues and arguments fairly presented to the Superior Court may be presented for review on appeal[.]"); V.I.S.Ct.R. 22(m) ("Issues that were . . . not raised or objected to before the Superior Court . . . or [are] unsupported by argument and citation to legal authority, are deemed waived for purposes of appeal[.]").

CHARLES A. WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4436 (2d ed. 2002) ("[A] dismissal for lack of jurisdiction does not bar a second action as a matter of claim preclusion."). But if a precondition is a claims-processing rule, a dismissal based on a litigant's noncompliance is on the merits unless the noncompliance can be cured by later action. *Compare Mitchell*, 343 F.3d at 821 (holding that a litigant's failure to comply with a nonjurisdictional, incurable EEOC consultation requirement barred a subsequent action), *with Conway v. Vill. of Mount Kisco*, 750 F.2d 205, 213 (2d Cir. 1984) (holding that a litigant's failure to comply with a curable notice of claim requirement under state law did not bar a subsequent action).[10] Now, with these principles in mind, we turn to the merits of appellants' argument.

Appellants argue that the *Thomas* petition for writ of review was dismissed as untimely, and was therefore not on the merits. We disagree.

In *Thomas*, the Superior Court denied appellants' petition for writ of review, explaining that it lacked jurisdiction because appellants failed to appeal the BLUA's decision within forty-five days as required by title 12, section 913(d). 60 V.I. at 584, 588. We affirmed the denial, because regardless of whether the appeals period set forth in section 913(d) codified a jurisdictional requirement or a claims-processing rule, appellants had failed to demonstrate that their untimely filing should have been excused. *Id.* at 588-90 & n.8.

■ Although we declined in *Thomas* to determine whether section 913(d)'s forty-five day appeals period is a jurisdictional requirement or a claims-processing rule, we must do so now because appellants cannot cure their earlier failure to file within the appeals period — ending on or about August 20, 2007 — by bringing an even later, less timely petition

---

[10] *Compare also Am. Nat'l Bank & Trust Co. v. City of Chi.*, 826 F.2d 1547, 1553 (7th Cir. 1987) (holding that litigants' failure to comply with an incurable thirty-five day deadline for challenging an administrative decision under state law barred a subsequent action), *and Sherwood v. Or. Dep't of Transp.*, 170 Ore. App. 66, 11 P.3d 664, 669 nn.9-10 (2000) (same, but notice of claim requirement under state law), *with Cassidy*, 557 A.2d at 231-33 (holding that a litigant's failure to comply with a curable notice of claim requirement under state law did not bar a subsequent action), *S. Willow Props., LLC v. Burlington Coat Factory of N.H.*, 159 N.H. 494, 986 A.2d 506, 511 (2009) (same, but curable technical defect in notice of eviction under state law), *and* 18A CHARLES A. WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4437 (2d ed. 2002) ("Dismissal for failure to satisfy a procedural precondition . . . . is not an adjudication on the merits that would bar assertion of the same claim after satisfying the precondition[.]").

for writ of review. *See Mitchell*, 343 F.3d at 820 ("Simply, the party is unable to rewind the clock, fulfill the condition/file the action within the requisite time period, and proceed to an adjudication of his or her claim."); *EFCO Corp. v. U.W. Marx, Inc.*, 124 F.3d 394, 399 (2d Cir. 1997) ("EFCO could not simply remedy its error and bring a second action: the six-month clock had run."). In other words, because 913(d)'s appeal period is an incurable precondition to suit under the circumstances, our decision to characterize it as either a jurisdictional requirement or as a claims-processing rule dictates whether or not the *Thomas* dismissal was on the merits. To make this determination, we look to our established precedents distinguishing between jurisdictional requirements and claims-processing rules. Under those established precedents, we must consider the intent of the Legislature. *Hughley v. Gov't of the V.I.*, 61 V.I. 323, 334 (V.I. 2014) (citing *Brady v. Cintron*, 55 V.I. 802, 815-17 (V.I. 2011)). "This Court considers several factors to ascertain legislative intent, including, but not necessarily limited to, whether the statute contains language requiring dismissal as a remedy for non-compliance, and the existence of long-standing case law — including precedent from other jurisdictions — characterizing the statutory requirement as jurisdictional." *Rivera-Moreno v. Gov't of the V.I.*, 61 V.I. 279, 300 (V.I. 2014) (citations omitted); *see Brady*, 55 V.I. at 815 ("Determining whether a statutory prerequisite to filing suit is jurisdictional is 'discerned by looking to the condition's text, context, and relevant historical treatment.' " (quoting *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166, 130 S. Ct. 1237, 176 L. Ed. 2d 18 (2010))). Importantly, a statutory requirement is only jurisdictional if there is a "clear sign" of the Legislature's intent. *Rivera-Moreno*, 61 V.I. at 300 (citing *Brooks v. Gov't of the V.I.*, 58 V.I. 417, 426 (V.I. 2013)).

■ The Virgin Islands Legislature enacted the CZM Act to protect, maintain, preserve and, where feasible, restore and enhance coastal resources by "control[ling] development activities on the islands of St. Thomas, St. Croix, St. John, the offshore islands and cays, and the territorial sea." *LeValle Northside Civic Ass'n v. V.I. Coastal Zone Mgmt. Comm'n*, 866 F.2d 616, 619 (3d Cir. 1989) (citing 12 V.I.C. § 902); *see V.I. Conservation Soc'y, Inc. v. V.I. Bd. of Land Use Appeals*, 881 F.2d 28, 29 (3d Cir. 1989) ("The [CZM] Act . . . was enacted in order to harmonize the goals of environmental protection and economic development in the Virgin Islands." (citing 12 V.I.C. § 903(b)(1)-(11)). The CZM Act vested

the CZM Commission, which is comprised of three CZM Committees, with primary authority under a permit issuing process. *LeValle Northside Civic Ass'n*, 866 F.2d at 619 (citing 12 V.I.C. § 904). It also imposed checks on this process through a system of administrative and judicial review, which is set forth in sections 913 and 914. *Id.* at 619-20; *see V.I. Conservation Soc'y, Inc. v. Golden Resorts, LLLP*, 55 V.I. 613, 621 (V.I. 2011) (noting that the CZM Act authorizes the "BLUA to hear appeals of CZM Committee decisions"). The judicial review provision at issue in this case provides that "a petition . . . may be filed . . . *within forty-five days* after [a] decision or order [granting or denying an application for a CZM permit] has become final." 12 V.I.C. § 913(d) (emphasis added). Section 913(d), however, is not written in jurisdictional terms. *See Clean Water Action Council of Ne. Wis., Inc. v. U.S. E.P.A.*, 765 F.3d 749, 752 (7th Cir. 2014) (explaining that analogous language under 42 U.S.C. § 7607(b)(1), which requires "[a]ny petition for [judicial] review . . . [to] be filed within sixty days from the date [of] notice," was not "traditionally understood as jurisdictional").[11] If the Legislature had wanted the appeals period to be treated as jurisdictional, it could have cast that provision in jurisdictional language. *See, e.g.*, 4 V.I.C. § 33(b) ("The Supreme Court of the Virgin Islands has *jurisdiction* of appeals from . . . [i]nterlocutory orders[.]" (emphasis added)); 4 V.I.C. § 76 ("[T]he Superior Court shall have original *jurisdiction* in all civil actions . . . . [and] all criminal actions." (emphasis added)); 15 V.I.C. § 161 ("[T]he [Superior Court] has *jurisdiction* . . . in all matters relating to the affairs of decedents[.]" (emphasis added)). Nor does section 913(d)'s placement within the CZM Act provide any indication that the Legislature intended the appeals

---

[11] *See also Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 133 S. Ct. 817, 824, 184 L. Ed. 2d 627 (2013) (explaining that analogous language under 42 U.S.C. § 1395*oo*(a)(3), which provides that a service provider "may obtain a hearing" if "such provider files a request for a hearing within 180 days after notice of the . . . final determination," did "not speak in jurisdictional terms" (citation omitted)); *Henderson v. Shinseki*, 562 U.S. 428, 438-39, 131 S. Ct. 1197, 179 L. Ed. 2d 159 (2011) (same, but under 38 U.S.C. § 7266(a), which provides that "[i]n order to obtain review," a "person adversely affected . . . shall file a notice of appeal . . . within 120 days after the date on which notice of the decision is mailed"); *Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78, 83-84 (Tex. 2008) (same, but under TEX. LAB. CODE ANN. § 61.051(c), which previously provided "[a] wage claim must be filed not later than the 180th day after the date the wages claimed became due for payment"), *superseded by statute*, TEX. LAB. CODE ANN. § 61.051(c), *as recognized in Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 518 (Tex. 2012).

period to be jurisdictional. Section 913(d) is merely one of multiple means of judicial review available under the CZM Act, and it is intended to be "cumulative and *not exclusive*[,] and . . . *in addition to* any other remedies available at law or equity." 12 V.I.C. § 913(a) (emphasis added); *see* 12 V.I.C. § 905(e) ("No provision of this chapter is a limitation . . . on the right of any person to maintain an appropriate action for relief against a private nuisance or for any other private relief." (emphasis added)). If the Legislature had wanted section 913(d)'s appeals period to be treated as jurisdictional, it could have conditioned access to judicial review on compliance. *See Brady*, 55 V.I. at 816, 815-16 (explaining that pre-filing requirements under the Virgin Islands Medical Malpractice Act, 27 V.I.C. §§ 166-166*l*, were jurisdictional because that statutory scheme "specifically seeks to prevent actions from being filed in courts until after the statutory requirements . . . are fulfilled"). But it did not do so. *See* 12 V.I.C. § 913(a)-(b).

Longstanding Virgin Islands case law also fails to provide any "clear sign" that the Legislature intended the appeals period to be jurisdictional. In *V.I. Conservation Society*, one of the few cases to address section 913(d), the Third Circuit reversed an earlier district court dismissal interpreting the appeals period as jurisdictional. 881 F.2d at 29, 36-37. The Third Circuit repeatedly described the appeals period as a "statute of limitations" and explained that it could be tolled under "traditional administrative law principles" during the pendency of a motion for reconsideration filed before the BLUA. *Id.* at 29-36; *see Illingworth v. V.I. Bd. of Land Use Appeals*, 27 V.I. 165, 169, 172 (D.V.I. 1991) (describing section 913(d)'s appeals period as a "statute of limitations"); *but cf. Rawlings v. Gov't Emps. Serv. Comm'n*, 20 V.I. 224, 225-26 (D.V.I. 1983) (explaining that the court "did not have jurisdiction" to extend an analogous appeals period for writ of review under 5 V.I.C. §§ 1421-1423 and 5 V.I.C. App. V, R. 11 during the pendency of a motion for reconsideration); *Benjamin v. Gov't Emps.' Serv. Comm'n*, Civ. No. 1978-289, 1978 U.S. Dist. LEXIS 20452, at *2 (D.V.I. Oct. 20, 1978) (unpublished) (same, but without characterizing its decision as jurisdictional). This Court, in a number of our earlier cases, assumed that analogous statutorily-mandated time limits for filing a petition for writ of review were jurisdictional. *See Mercer v. Bryan*, 53 V.I. 595, 599, 601-03 (V.I. 2010) (explaining that the time limit for filing a petition for judicial review under 24 V.I.C. § 70(a) was jurisdictional because it was

538

established by statute); *Worldwide Flight Servs. v. Gov't of the V.I.*, 51 V.I. 105, 108-10 (V.I. 2009) (same); *Pichardo v. Comm'r of Labor*, 49 V.I. 447, 450-51 (V.I. 2008) (same, but under 24 V.I.C. § 457(a)). However, we later clarified that such time limits were not presumed jurisdictional, explaining that each statutory requirement must be considered independently in order to determine the Legislature's intent. *Brooks*, 58 V.I. at 425 & n.6 (citations omitted); *see Thomas*, 60 V.I. at 588 n.8 (noting, in reference to 12 V.I.C. § 913(d), that "this Court has never broadly held that in every context, any requirement in any statute is a jurisdictional one" (citation and internal quotation marks omitted)). Because our earlier cases did not engage in independent, statute-specific analyses, they do not support treating section 913(d)'s appeal period as jurisdictional. But, we are not without guidance. *See Ottley v. Estate of Bell*, 61 V.I. 480, 494 n.10 (V.I. 2014) ("When statutes from other jurisdictions are substantially similar to a Virgin Islands statute, this Court may look for guidance at how that jurisdiction's courts have interpreted the similar statute." (citations omitted)).

██ ██ The Supreme Court of California has interpreted a substantially similar provision — CAL. PUB. RES. CODE § 30801[12] — under their own California Coastal Act, CAL. PUB. RES. CODE §§ 30000-30900, as nonjurisdictional. *See Marine Forests Soc'y v. Cal. Coastal Comm'n*, 36 Cal. 4th 1, 30 Cal. Rptr. 3d 30, 113 P.3d 1062, 1093 (2005) (noting that section 30801 was a statute of limitations); *Ojavan Investors, Inc. v. Cal. Coastal Comm'n*, 26 Cal. App. 4th 516, 32 Cal. Rptr. 2d 103, 107-08 (1994) (same); *Liberty v. Cal. Coastal Comm'n*, 113 Cal. App. 3d 491, 170 Cal. Rptr. 247, 250 (1980) (explaining that the law is "settled" and "clear" that section 30801's 60-day appeals period is "not jurisdictional in nature," but is a "mere statute of limitations" (citations omitted)). The California Coastal Act, like the CZM Act, establishes multiple means of judicial review intended to "be in addition to any other remedies available at law." CAL. PUB. RES. CODE § 30800; *compare* CAL. PUB. RES. CODE § 30803 (declaratory and equitable action to "restrain any violation"), *and* CAL. PUB. RES. CODE § 30804 ("action to enforce the duties specifically imposed"), *with* 12 V.I.C. § 913(b)(1) (declaratory and equitable action to

---

[12] Section 30801 provides in relevant part: "[a]ny aggrieved person shall have a right to judicial review of any decision or action of the commission by filing a petition . . . within 60 days after the decision or action has become final."

"restrain any violation"), *and* 12 V.I.C. § 913(b)(2) ("action to compel the performance of the duties specifically imposed"). Like the California Supreme Court, we conclude that section 913(d)'s forty-five day appeals period is nonjurisdictional. Without some indication in the plain language, the context, or relevant historical treatment of section 913(d), there is simply no "clear sign" that the Legislature intended section 913(d)'s appeal period to be jurisdictional.[13] Therefore, because section 913(d)'s appeal period is a claims-processing rule and appellants cannot cure their earlier noncompliance by filing an even later, less timely petition for writ of review, we conclude that the *Thomas* petition for writ of review was dismissed on the merits for purposes of res judicata.[14]

### 2. *Same Transaction or Occurrence*

■ Appellants next contend that both counts in their complaint — which include in part a reassertion of their previous insufficient personal notice claim and a new assertion that St. Mark's Church failed to begin construction within the time prescribed by the permit — do not arise out of the same transaction or occurrence as their petition for writ of review in *Thomas*. In making this determination, most courts apply one of two common law tests: the same evidence test or the transactional test. The same evidence test bars a subsequent claim that relies on the same evidence for proof as the earlier claim or claims, while the transactional test bars a subsequent claim that relies on the same "group of operative facts giv[ing] rise to the assertion of relief" as the earlier claim or claims. *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 703 N.E.2d 883, 891, 234 Ill. Dec. 783 (1998) (citation and internal quotation marks omitted); *accord Nevada v. United States*, 463 U.S. 110, 130 n.12, 103 S. Ct. 2906, 77 L. Ed. 2d 509 (1983). In other words, the difference between the two tests is largely of scope: two claims may be considered separate

---

[13] Our decision today does not reach whether section 913(d)'s appeal period is waivable. *See Ottley*, 61 V.I. at 495 (explaining that "[c]laims-processing rules may be non-waivable when the rule implicates judicial interests beyond those of the parties." (citations and internal quotation marks omitted)). Because that issue has not been addressed in this case and does not affect our analysis, we leave it for another day.

[14] Because the *Thomas* petition for writ of review was dismissed on the merits, we need not also determine whether the *Thomas* claims for declaratory relief and injunctive relief were dismissed on the merits. Those claims, even had they been dismissed on the merits, would not alter the outcome in the case for the reasons discussed *infra* in § III(A)(2).

causes of action under the same evidence test because the evidence needed to support different theories on which they are based may differ, yet be considered part of the same transaction or occurrence under the transactional test if the claims rely on the same body of operative facts, regardless of the variations in the evidence needed to support the respective theories or rights. *River Park*, 703 N.E.2d at 892. Because we have not previously addressed either test, we return to the analysis set forth in *Banks*.

Courts in the Virgin Islands have historically applied variations of both tests, but utilized the transactional test more frequently. *Compare Huck ex rel. Sea Air Shuttle Corp. v. Dawson*, 106 F.3d 45, 48-49, 35 V.I. 560 (3d Cir. 1997) (applying the transactional test), *U.S. Dep't of Agric. Rural Hous. v. Phillips*, Civ. No. 1:08-cv-00032, 2010 U.S. Dist. LEXIS 37519, at *22 (D.V.I. Apr. 15, 2010) (unpublished) (same), *Selkridge*, 237 F. Supp. 2d at 604-05 (same), *Julien*, 923 F. Supp. at 716 (same), *and Hanley*, 26 V.I. at 121-22 (same), *with Valerino v. Holder*, Civ. Action No. 08-035, 2013 U.S. Dist. LEXIS 173482, at *10 (D.V.I. Dec. 4, 2013) (unpublished) (considering in part "whether the witnesses and documentation required to prove such allegations were the same"), *George*, 44 V.I. at 134-35 (same, but also considering in part "whether the theory of recovery [in both actions] is the same"), *and Boyd-Richards*, 35 V.I. at 66 (same); *see also Sheen*, 18 V.I. at 167-68 (declining to adopt a specific test). The transactional test is also the majority rule in other jurisdictions. *See Creech v. Addington*, 281 S.W.3d 363, 380 (Tenn. 2009) ("[T]he majority of the federal courts and numerous states have adopted the transactional standard for determining whether a prior judgment and a pending suit are the same cause of action for purposes of applying res judicata." (collecting cases)).[15]

[15] *See also Duhaney v. Att'y Gen. of the U.S.*, 621 F.3d 340, 348 (3d Cir. 2010); *Boateng v. InterAmerican Univ., Inc.*, 210 F.3d 56, 61-62 (1st Cir. 2000) (applying Puerto Rico law); *In re Intelogic Trace, Inc.*, 200 F.3d 382, 386 (5th Cir. 2000); *Yapp v. Excel Corp.*, 186 F.3d 1222, 1227 (10th Cir. 1999); *United States v. Cunan*, 156 F.3d 110, 114 (1st Cir. 1998); *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 215 (6th Cir. 1996); *Keith v. Aldridge*, 900 F.2d 736, 740 (4th Cir. 1990); *Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir. 1986); *Patterson v. Infinity Ins. Co.*, 303 P.3d 493, 497-98 (Alaska 2013); *Argus Real Estate, Inc. v. E-470 Pub. Highway Auth.*, 109 P.3d 604, 609 (Colo. 2005); *Powell v. Infinity Ins. Co.*, 282 Conn. 594, 922 A.2d 1073, 1080 (2007); *LaPoint v. AmerisourceBergen Corp.*, 970 A.2d 185, 193 (Del. 2009); *Smith v. Jenkins*, 562 A.2d 610, 613 (D.C. 1989); *Andrus v. Nicholson*, 145

■ We believe that the transactional test represents the soundest rule for the Virgin Islands. Res judicata is intended to promote judicial economy and efficiency, the stability of final judgments, and fairness to litigants. *See Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980) ("[R]es judicata . . . relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." (citation omitted)); *Kradoska v. Kipp*, 397 A.2d 562, 567 (Me. 1979) ("Judicial economy, fairness to litigants, and the strong public interest favoring finality in judicial proceedings demand that a plaintiff present all relevant aspects of his cause of action in a single lawsuit."). Requiring a plaintiff to pursue all rights he or she may have against a defendant that arise out of a single transaction or series of connected transactions promotes both judicial economy and the public perception of the stability and finality of court decisions. *Beegan v. Schmidt*, 451 A.2d 642, 646 (Me. 1982). It also eases the financial and psychological burdens on a defendant, who can rest assured that he or she is not subject to additional suits over the same incident or occurrence. *Id.; see also ElGabri v. Lekas*, 681 A.2d 271, 276 (R.I. 1996) (noting that the transactional test "provid[es] the contentious parties the benefit of finality").

■ Utilizing the transactional test, we must evaluate whether or not the legal theories or rights asserted in *Stewart* were raised or could have

---

Idaho 774, 186 P.3d 630, 633 (2008); *River Park*, 703 N.E.2d at 893; *Leuchtenmacher v. Farm Bureau Mut. Ins. Co.*, 460 N.W.2d 858, 860-61 (Iowa 1990); *Yeoman v. Commonwealth Health Policy Bd.*, 983 S.W.2d 459, 465, 45 13 Ky. L. Summary 36 (Ky. 1998); *Beegan*, 451 A.2d at 645-46; *Kent Cnty. Bd. of Educ. v. Bilbrough*, 309 Md. 487, 525 A.2d 232, 238 (1987); *Saint Louis v. Baystate Med. Ctr., Inc.*, 30 Mass. App. Ct. 393, 568 N.E.2d 1181, 1185 (1991); *Washington v. Sinai Hosp. of Greater Detroit*, 478 Mich. 412, 733 N.W.2d 755, 760 (2007); *Hill v. Carroll Cnty.*, 17 So. 3d 1081, 1086 (Miss. 2009); *Brilz v. Metro. Gen. Ins. Co.*, 2012 MT 184, 366 Mont. 78, 285 P.3d 494, 501-02 (2012); *Myers v. Olson*, 1984-NMSC-015, 100 N.M. 745, 676 P.2d 822, 824-25 (1984); *Xiao Yang Chen v. Fischer*, 6 N.Y.3d 94, 843 N.E.2d 723, 725, 810 N.Y.S.2d 96 (2005); *Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 1995 Ohio 331, 653 N.E.2d 226, 229 (1995); *Drews v. EBI Cos.*, 310 Ore. 134, 795 P.2d 531, 536, 539 (1990); *ElGabri*, 681 A.2d at 276; *Creech*, 281 S.W.3d at 380-82; *Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 631 (Tex. 1992); *Gillmor v. Family Link, LLC*, 2012 UT 38, 284 P.3d 622, 627 (2012); *Faulkner v. Caledonia Cnty. Fair Ass'n*, 178 Vt. 51, 869 A.2d 103, 108-09 (2004); *DePratt v. W. Bend Mut. Ins. Co.*, 113 Wis. 2d 306, 334 N.W.2d 883, 886 (1983); *Foianini v. Brinton*, 855 P.2d 1238, 1240-41 (Wyo. 1993); *but see Phoenix Newspapers, Inc. v. Dep't of Corr., State of Ariz.*, 188 Ariz. 237, 934 P.2d 801, 804-06 (1997) (applying same evidence test); *Slider v. State Farm Mut. Auto. Ins. Co.*, 210 W. Va. 476, 557 S.E.2d 883, 888 (2001) (same).

been raised in the *Thomas* petition for writ of review based on the conduct, transaction, or occurrence giving rise to that action, regardless of the legal elements or the evidence upon which that petition depended, or the particular remedies sought. *Conn. Nat'l Bank v. Kendall*, 617 A.2d 544, 547 (Me. 1992); *Brock v. Voith Siemens Hydro Power Generation*, 59 Va. App. 39, 716 S.E.2d 485, 488-89 (2011). Under this test,

> the measure of a cause of action is the aggregate of connected operative facts that can be handled together conveniently for purposes of trial. A prior judgment bars a later suit arising out of the same aggregate of operative facts even though the second suit relies on a legal theory not advanced in the first case, seeks different relief than that sought in the first place, and involves evidence different from the evidence relevant to the first case.

*Kendall*, 617 A.2d at 547 (citations and internal quotation marks omitted). In applying this test, the court must pragmatically consider "whether the [connected operative] facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *River Park*, 703 N.E.2d at 312 (citation and internal quotation marks omitted).

In this matter, the first count of appellants' complaint arises out of the same transaction or occurrence as the *Thomas* petition for writ of review — the pleadings in both cases allege in part that the BLUA and former Commissioner Mathes violated their statutory and constitutional due process rights by failing to personally serve them notice that St. Mark's Church had appealed the CZM Committee's decision. Consequently, because this Court previously resolved the *Thomas* petition for writ of review on the merits, the first count of appellants' complaint is barred by res judicata.

██ As to the second count of their complaint, appellants allege that: (1) St. Mark's Church's permit was issued more than thirty days after the April 12, 2007 public hearing in violation of 12 V.I.C. § 914(c); (2) St. Mark's Church's permit did not receive approval by the CZM Commission, the Governor, or the Legislature, in violation of the law; (3) and St. Mark's Church did not begin construction within the time period prescribed by the permit. The first of these allegations is barred because

it was actually raised in *Thomas* and incorporated by reference within appellants' earlier petition for writ of review. The second of these allegations, although not raised in *Thomas*, is also barred because it could have been raised within appellants' earlier petition for writ of review had they exercised due diligence. *See Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 914 (7th Cir. 1993) ("[A] plaintiff will be precluded from raising these facts later if, by exercising due diligence, he or she could have discovered the relevant information before filing the initial suit." (citation omitted)); *Allied Fire Prot. v. Diede Constr., Inc.*, 127 Cal. App. 4th 150, 25 Cal. Rptr. 3d 195, 200 (2005) ("A claim should be barred if with due diligence it could have been brought earlier." (citation omitted)). Appellants were aware by April 10, 2009, more than two weeks before they filed their complaint in *Thomas*, that St. Mark's Church had received a CZM permit. Had appellants exercised due diligence and reviewed the permit, they would have known that it was signed by the BLUA, not by the CZM Commission, the Governor, or the Legislature. *See* 12-21 V.I. CODE R. § 910-10(a) ("Coastal Zone Permits . . . which have been approved shall include . . . . [t]he date on which the permit becomes effective (which date shall be the date on which it is signed by the Committee or the Commissioner)[.]"). Without this bar under res judicata, appellants would be free to litigate their various challenges in an even greater number of consecutive actions. *See Allied Fire Prot.*, 25 Cal. Rptr. 3d at 200 ("The reason for the rule that all claims that 'could have been brought' are barred under res judicata is so [a] party cannot by negligence or design withhold issues and litigate them in consecutive actions." (citation and internal quotation marks omitted)). The third of the allegations in the present case, however, raises an additional issue.

Appellants argue that their allegation relating to St. Mark's Church's failure to begin construction within the time period prescribed by the permit cannot be barred by res judicata because the facts on which it is based arose after their complaint in *Thomas* was filed. Because we have not previously addressed this temporal aspect of res judicata, we again return to the analysis set forth in *Banks*.

 In the Virgin Islands, the small number of courts to have addressed this issue embrace the principles underlying appellants' argument. *See Valerino*, 2013 U.S. Dist. LEXIS 173482, at **14-15 (denying claim preclusion where the allegations of events underlying a second action "arose after the complaint in [the first action] was filed"); *Julien*, 923 F.

544

Supp. at 718 (declining to bar claims "premised upon facts arising after [the date] when plaintiff filed his action"). Appellants' argument is also broadly supported in other jurisdictions. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000) ("[Claim preclusion] does not preclude litigation of events arising after the filing of the complaint that formed the basis of the first lawsuit. The crucial date is the date the complaint was filed. The plaintiff has no continuing obligation to file amendments to the complaint to stay abreast of subsequent events; plaintiff may simply bring a later suit on those later-arising claims." (citation omitted)).[16] Consistent with this body of law, we believe that a bright-line rule that res judicata does not apply to claims arising from events occurring after the filing of the prior complaint represents the soundest rule for the Virgin Islands. A contrary rule would invite uncertainty and unpredictability as litigants disputed whether claims based on later-occurring incidents could be brought in amended pleadings. *Morgan v. Covington Twp.*, 648 F.3d 172, 178 (3d Cir. 2011); *see Allied Fire Prot.*, 25 Cal. Rptr. 3d at 199 ("[O]therwise, courts

---

[16] The majority of federal and state courts that have addressed this issue have held that claim preclusion does not bar litigation of claims arising from events occurring after the filing of the prior complaint. *See Morgan v. Covington Twp.*, 648 F.3d 172, 178 (3d Cir. 2011); *Gillig v. Nike, Inc.*, 602 F.3d 1354, 1363 (Fed. Cir. 2010); *Smith v. Potter*, 513 F.3d 781, 783 (7th Cir. 2008); *Hatch v. Boulder Town Council*, 471 F.3d 1142, 1149-50 (10th Cir. 2006) (applying Utah and federal law); *Apotex, Inc. v. Food & Drug Admin.*, 393 F.3d 210, 218, 364 U.S. App. D.C. 187 (D.C. Cir. 2004); *Baker Grp., L.C. v. Burlington N. & Santa Fe Ry. Co.*, 228 F.3d 883, 886 (8th Cir. 2000) (applying Kansas law); *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1357-59 (11th Cir. 1998); *L.A. Branch NAACP v. LA Unified Sch. Dist.*, 750 F.2d 731, 739 (9th Cir. 1984) (applying California law); *Chiepalich v. Coale*, 36 So. 3d 1, 4 (Ala. 2009); *Allied Fire Prot.*, 25 Cal. Rptr. 3d at 199; *Loveland Essential Grp., LLC v. Grommon Farms, Inc.*, 2012 COA 22, 318 P.3d 6, 11-14 (Colo. App. 2012); *LaPoint v. AmerisourceBergen Corp.*, 970 A.2d 185, 194 (Del. 2009); *Durrant v. Quality First Mktg., Inc.*, 127 Idaho 558, 903 P.2d 147, 149-51 (1995); *Coomer v. CSX Transp., Inc.*, 319 S.W.3d 366, 373-74 (Ky. 2010); *Drewitz v. Motorwerks, Inc.*, 728 N.W.2d 231, 240 (Minn. 2007); *Brooks Trucking Co., Inc. v. Bull Rogers, Inc.*, 2006-NMCA-025, 139 N.M. 99, 128 P.3d 1076, 1081-82 (2006); *Allison v. Montgomery*, 118 Ore. App. 118, 846 P.2d 435, 436-37 (1993); *Macris & Assocs. v. Neways, Inc.*, 2000 UT 93, 16 P.3d 1214, 1220 (Utah 2000); 18 CHARLES A. WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4409 (2d ed. 2002) ("Most cases rule that an action need include only the portions of the claim due at the time of commencing that action[.]"); *but see Heyliger v. State Univ. & Cmty. Coll. Sys. of Tenn.*, 126 F.3d 849, 856 (6th Cir. 1997) (applying Tennessee law) (holding that a litigant was barred under res judicata from asserting a claim under Title VII that arose after he filed his earlier complaint); *Mohamed v. Exxon Corp.*, 796 S.W.2d 751, 756 (Tex. App. 1990) (noting that "failure to amend one's complaint can be held against a claimant in a court of law").

would get bogged down in determining whether an amendment was possible or practicable when the new claims arose." (citation omitted)); *Drewitz v. Motorwerks, Inc.*, 728 N.W.2d 231, 239-40 (Minn. 2007) ("Substantial disruption would result from requiring parties to supplement their complaints in every circumstance until the final judgment in a case to prevent res judicata."). It is also consistent with Superior Court Rule 8, which does not impose a legal duty on litigants to amend or supplement pleadings in the Virgin Islands.[17] SUPER. CT. R. 8 ("The court may amend any . . . pleading for any omission or defect therein, or for any variance between the complaint and the evidence adduced at trial."); *Santiago v. V.I. Hous. Auth.*, 57 V.I. 256, 275 (V.I. 2012) ("Superior Court Rule 8 governs amendments to pleadings in Superior Court proceedings.").

▆ Under this rule, appellants' remaining allegation cannot be said to have arisen out of the same transaction or occurrence as their earlier petition for writ of review. Appellants filed their complaint in *Thomas* on April 24, 2009, nearly two weeks before St. Mark's Church was obligated under its permit to begin construction. As a result, that allegation is not barred by res judicata because it arises from events occurring after the complaint was filed in *Thomas. See Drewitz*, 728 N.W.2d at 240 ("Because the factual circumstances giving rise to Drewitz's claims . . . arose after the complaint in [his earlier action] was served and [he] neither litigated those claims as part of [the earlier action] nor was obligated to supplement his complaint in [the earlier action], such claims are not barred by the doctrine of res judicata even though judgment was entered on the first complaint.").

In sum, we conclude that the Superior Court did not err in barring the first count of appellants' complaint alleging statutory and constitutional violations relating to insufficient personal service under res judicata because that count arose out of the same transaction or occurrence as appellants' earlier petition for writ of review. Nor did the court err in barring appellants' allegations relating to untimely and unauthorized permit issuance under their second count because those allegations, like the first count in appellants' complaint, arose out of the same transaction or occurrence as appellants' earlier petition for writ of review. But, the court did err in barring appellants' allegation relating to St. Mark's

---

[17] We note that under Promulgation Order 2017-0001, Virgin Islands Rules of Civil Procedure 15 and 15-1 now govern amendments to pleadings.

Church's failure to timely begin construction within the second count of their complaint because that allegation is based on a transaction or occurrence that arose after the complaint in *Thomas* was filed.

## B. Collateral Estoppel

■ Appellants' remaining argument is that the Superior Court erred by relying on *Thomas* to bar their current action under the doctrine of collateral estoppel because the issues involved in *Thomas* were neither identical to those involved in this action nor actually litigated and necessary to our decision affirming the denial of their earlier petition for writ of review in that proceeding. Collateral estoppel, also known as issue preclusion, precludes relitigation of any "issues of law and issues of fact . . . conclusively determined in a prior action.' " *Wolfson v. Brammer*, 616 F.3d 1045, 1064 (9th Cir. 2010) (quoting *United States v. Stauffer Chem. Co.*, 464 U.S. 165, 170-71, 104 S. Ct. 575, 78 L. Ed. 2d 388 (1984)). It is premised, like the doctrine of res judicata, on promoting judicial economy and efficiency, the stability of final judgments, and fairness to litigants. *See Allen*, 449 U.S. at 94; *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979) ("Collateral estoppel . . . has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." (citation omitted)); *Colandrea v. Wilde Lake Cmty. Ass'n, Inc.*, 361 Md. 371, 761 A.2d 899, 907 (2000) ("The functions of this doctrine, and the allied doctrine of res judicata, are to avoid the expense and vexation of multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibilities of inconsistent decisions." (citation omitted)). Because the doctrine of collateral estoppel has not previously been evaluated under *Banks*, we return to that analysis one final time.

■ Courts in the Virgin Islands have historically precluded a party from relitigating an issue under collateral estoppel where: " '(1) the previous determination was necessary to the decision; (2) the identical issue was previously litigated; (3) the issue was . . . decided in a decision that was final, valid, and on the merits; and (4) the party being precluded from relitigating the issue was adequately represented in the previous action.' " *Benjamin v. Coral World VI, Inc.*, Nos. ST-13-CV-065, ST-13-CV-294, 2014 V.I. LEXIS 35, at *6 (V.I. Super. Ct. June 12, 2014)

(unpublished) (quoting *Hawksbill Sea Turtle v. Fed. Emergency Mgmt. Agency*, 126 F.3d 461, 475, 37 V.I. 526 (3d Cir. 1997)); *A.P. v. Gov't of the V.I. ex rel C.C.*, 36 V.I. 158, 161 n.3 (D.V.I. App. Div. 1997), 961 F. Supp. 122; *United States ex rel. V.I. Hous. Auth. v. Coastal Gen. Constr. Servs. Corp.*, 299 F. Supp. 2d 483, 488, 45 V.I. 428 (D.V.I. 2004); *Lettsome v. Waggoner*, 672 F. Supp. 858, 862 & n.8 (D.V.I. 1987); *Beloit Power Sys., Inc. v. Hess Oil V.I. Corp.*, 561 F. Supp. 279, 286, 19 V.I. 519 (D.V.I. 1983), *rev'd in part on other grounds*, 757 F.2d 1427 (3d Cir. 1985); *Lindquist*, 79 F.R.D. at 161; *Maduro v. Hendricks*, 351 F. Supp. 959, 961, 9 V.I. 280 (D.V.I. 1972); *Newman v. McKay*, 58 V.I. 170, 176 (V.I. Super. Ct. 2013); *Simmons v. Martinez*, 45 V.I. 278, 283 (V.I. Super. Ct. 2003); *Boyd-Richards*, 35 V.I. at 65 & n.2; *Hanley*, 26 V.I. at 122; *Clarenbach v. Consol. Parts, Inc.*, 17 V.I. 123, 128-29 (V.I. Super. Ct. 1980); *Gilbert v. Gibbs*, 7 V.I. 375, 383-84 (V.I. Super. Ct. 1969); *cf. Gilbert v. People*, 52 V.I. 350, 364 (V.I. 2009) (explaining that collateral estoppel under the Fifth Amendment " 'means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit' " (quoting *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S. Ct. 1189, 25 L. Ed. 2d 469 (1970))). These elements are supported in a majority of other jurisdictions, although with variations in phrasing. *See B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. ___, 135 S. Ct. 1293, 1303, 191 L. Ed. 2d 222 (2015) ("[T]he general rule is that when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." (alterations, citation, and internal quotation marks omitted)).[18] Consistent with this body of law, we believe that the application of collateral estoppel outlined in *Benjamin*

---

[18] *See also Walker v. City of Huntsville*, 62 So. 3d 474, 487 (Ala. 2010); *Latham v. Palin*, 251 P.3d 341, 344 (Alaska 2011); *Hullett v. Cousin*, 204 Ariz. 292, 63 P.3d 1029, 1034-35 (2003); *Abraham v. Beck*, 2015 Ark. 80, 456 S.W.3d 744, 752 (2015); *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 189 Cal. Rptr. 3d 809, 352 P.3d 378, 386-87 (2015); *Reynolds v. Cotten*, 274 P.3d 540, 543, 2012 CO 27 (Colo. 2012); *Cumberland Farms, Inc. v. Town of Groton*, 262 Conn. 45, 808 A.2d 1107, 1116 & n.17 (2002); *Smith v. Guest*, 16 A.3d 920, 934 & n.83 (Del. 2011); *DeWitt v. District of Columbia*, 43 A.3d 291, 300 (D.C. 2012); *Marquardt v. State*, 156 So. 3d 464, 481 (Fla. 2015); *Karan, Inc. v. Auto-Owners Ins. Co.*, 280 Ga. 545, 629 S.E.2d 260, 262-63 (2006); *Kaho'Ohanohano v. Dep't of Human Servs.*, 117 Haw. 262, 178 P.3d 538, 578 (2008); *Pocatello Hosp., LLC v. Quail Ridge Med. Investor,*

forms the soundest rule for the Virgin Islands because it "protect[s] against the expense and vexation attending multiple lawsuits, conserve[s] judicial resources, and foster[s] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008) (alterations, citation, and internal quotation marks omitted); *see Cumberland Farms, Inc. v. Town of Groton*, 262 Conn. 45, 808 A.2d 1107, 1116 (Conn. 2002) ("[C]ollateral estoppel . . . embodies a judicial policy in favor of judicial economy, the stability of former judgments and finality[.]" (citation omitted)). Therefore, to bar relitigation of an issue under the doctrine of collateral estoppel, an asserting party must demonstrate: (1) the issue to be barred is identical to an issue actually and necessarily decided in the prior action;

---

*LLC*, 157 Idaho 732, 339 P.3d 1136, 1142 (2014); *Nowak v. St. Rita High Sch.*, 197 Ill. 2d 381, 757 N.E.2d 471, 478, 258 Ill. Dec. 782 (2001); *Nat'l Wine & Spirits, Inc. v. Ernst & Young, LLP*, 976 N.E.2d 699, 704 (Ind. 2012), *cert. denied*, ___ U.S. ___, 133 S. Ct. 2780, 186 L. Ed. 2d 219 (2013); *Soults Farms, Inc. v. Schafer*, 797 N.W.2d 92, 103-04 (Iowa 2011); *Venters v. Sellers*, 293 Kan. 87, 261 P.3d 538, 547 (2011); *Coomer v. CSX Transp., Inc.*, 319 S.W.3d 366, 374 (Ky. 2010); *Gray v. TD Bank, N.A.*, 2012 ME 83, 45 A.3d 735, 739 (Me. 2012); *Cosby v. Dep't of Human Res.*, 425 Md. 629, 42 A.3d 596, 602 (2012); *Kobrin v. Bd. of Registration in Med.*, 444 Mass. 837, 832 N.E.2d 628, 634 (2005); *Monat v. State Farm Ins. Co.*, 469 Mich. 679, 677 N.W.2d 843, 845-47 (2004); *Heine v. Simon*, 702 N.W.2d 752, 761 (2005); *Baker & McKenzie, LLP v. Evans*, 123 So. 3d 387, 401-02 (Miss. 2013); *Newton v. Ford Motor Co.*, 282 S.W.3d 825, 833 (Mo. 2009); *Gibbs v. Altenhofen*, 2014 MT 200, 376 Mont. 61, 330 P.3d 458, 465 (2014); *Hara*, 843 N.W.2d at 816; *Alcantara ex rel. Alcantara v. Wal-Mart Stores, Inc.*, 321 P.3d 912, 916 (Nev. 2014); *Mahindra & Mahindra, Ltd. v. Holloway Motor Cars of Manchester, LLC*, 166 N.H. 740, 103 A.3d 1170, 1179 (2014); *Winters v. N. Hudson Reg'l Fire & Rescue*, 212 N.J. 67, 50 A.3d 649, 665 (2012); *Ideal*, 233 P.3d at 365-66; *Buechel v. Bain*, 97 N.Y.2d 295, 766 N.E.2d 914, 919, 740 N.Y.S.2d 252 (2001); *Hales v. N.C. Ins. Guar. Ass'n*, 337 N.C. 329, 445 S.E.2d 590, 594 (1994); *Northstar Founders, LLC v. Hayden Capital USA, LLC*, 2014 ND 200, 855 N.W.2d 614, 635 (N.D. 2014); *Glidden Co. v. Lumbermens Mut. Cas. Co.*, 112 Ohio St. 3d 470, 2006 Ohio 6553, 861 N.E.2d 109, 118 (2006); *Durham v. McDonald's Rests. of Okla., Inc.*, 2011 OK 45, 256 P.3d 64, 66-67 (Okla. 2011); *Barackman v. Anderson*, 338 Ore. 365, 109 P.3d 370, 372 (2005); *Rue v. K-Mart Corp.*, 552 Pa. 13, 713 A.2d 82, 84 (1998); *Foster-Glocester Reg'l Sch. Comm. v. Bd. of Review*, 854 A.2d 1008, 1014 (R.I. 2004); *Catawba Indian Nation v. State*, 407 S.C. 526, 756 S.E.2d 900, 906 (2014); *SDDS, Inc. v. State*, 1997 SD 114, 569 N.W.2d 289, 293-94 (1997); *Mullins v. State*, 294 S.W.3d 529, 534-35 (Tenn. 2009); *John G. & Marie Stella Kenedy Mem'l Found. v. Dewhurst*, 90 S.W.3d 268, 288 (Tex. 2002); *Moss v. Parr Waddoups Brown Gee & Loveless*, 2012 UT 42, 285 P.3d 1157, 1164 (Utah 2012); *In re Harwood*, 195 Vt. 7, 86 A.3d 976, 978 (2013); *Scales v. Lewis*, 261 Va. 379, 541 S.E.2d 899, 901 (2001); *Christensen v. Grant Cnty. Hosp. Dist. No. 1*, 152 Wn.2d 299, 96 P.3d 957, 961 (2004); *Abadir v. Dellinger*, 227 W. Va. 388, 709 S.E.2d 743, 748-49 (2011); *Mrozek v. Intra Fin. Corp.*, 2005 WI 73, 281 Wis. 2d 448, 699 N.W.2d 54, 61-62 (2005); *Helm v. Clark*, 2010 WY 168, 244 P.3d 1052, 1059 (2010).

(2) the prior action was adjudicated in a decision that was final, valid, and on the merits; (3) the party against whom the doctrine is asserted was a party or in privity with a party to the prior action; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior action. *See Benjamin*, 2014 V.I. LEXIS 35; *Modiri v. 1342 Rest. Grp., Inc.*, 904 A.2d 391, 394 (D.C. 2006); *Talarico v. Dunlap*, 177 Ill. 2d 185, 685 N.E.2d 325, 328, 226 Ill. Dec. 222 (1997).

██ ██ Now, with these elements in mind, we turn to appellants' remaining allegation under the second count of their complaint, which alleges that St. Mark's Church failed to begin construction within the time prescribed by the permit. An issue is considered actually decided when it is "properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined." *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1267-68 (11th Cir. 2011) (citation and internal quotation marks omitted); *accord Powell v. Infinity Ins. Co.*, 282 Conn. 594, 922 A.2d 1073, 1078 (2007); *Borger Mgmt. v. Sindram*, 886 A.2d 52, 62 (D.C. 2005); *Nealis v. Baird*, 1999 OK 98, 996 P.2d 438, 458 (Okla. 1999). In *Thomas*, neither this Court nor the Superior Court even considered — let alone actually decided — whether St. Mark's Church began construction within the prescribed time limit. As a result, that issue is not barred by collateral estoppel. *See Treglia v. MacDonald*, 430 Mass. 237, 241, 717 N.E.2d 249 (1999) ("[P]reclusive effect should not be given to issues . . . that were not actually litigated in a prior action." (citation omitted)). Therefore, the Superior Court erred to the extent that it barred appellants' allegation relating to St. Mark's Church's failure to begin construction within the time period prescribed by the permit under the doctrine of collateral estoppel.[19]

## IV. CONCLUSION

The Superior Court did not err in barring the first count of the appellants' complaint alleging statutory and constitutional violations

---

[19] The parties also dispute whether appellants' complaint should be dismissed under the mootness doctrine, which is a "non-jurisdictional claims-processing rule that has been incorporated in Virgin Islands law only as a matter of judicial policy." *In re Holcombe*, 63 V.I. 800, 819 n.7 (V.I. 2015). We believe that it is the Superior Court, not this Court, that should consider this issue in the first instance on remand when raised in an appropriate motion. *See V.I. Conservation Soc'y, Inc.*, 55 V.I. at 621 n.4.

relating to insufficient personal service under the doctrine of res judicata, because that count arose out of the same transaction or occurrence as appellants' petition for writ of review asserted in *Thomas*. Nor did the court err in barring appellants' allegations relating to untimely and unauthorized permit issuance under the second count of their complaint because those allegations also arose out of the same transaction or occurrence as appellants' earlier petition for writ of review. The court did, however, err in barring appellants' claim based upon the allegation made within the second count of that complaint relating to St. Mark's failure to begin construction within the time period prescribed by the permit. That claim is not barred by either res judicata or collateral estoppel because the transaction or occurrence upon which it is based arose after the complaint in *Thomas* was filed, and it was not actually decided in *Thomas*. Therefore, we affirm the Superior Court's dismissal of the first count of the appellants' complaint, but reverse its dismissal of the second count of that complaint insofar as it includes the claim relating to St. Mark's failure to begin construction within the time period prescribed by the permit.